## Craig, et al v. Radelman, et al.

### Radelman v. Ankenbrock, et al.

(Decided June 1, 1923.)

## Appeals from Campbell Circuit Court.

1. Wills—All Provisions Considered to Ascertain Testator's Intent.—
   In construing a will, all its provisions must be considered to ascertain the intention of testator, and such construction given the will as will carry out his intention, provided it does not contravene

any rule of public policy, or is not contrary to any established rule of law.

2. Wills—Limitation Over After Devise for Life with Power of Disposition is Valid.—Where a life estate only is devised with power of disposition, a limitation over as to such of the property as remains undisposed of at the death of the life tenant is valid.

3. Wills—Limitation Over After Absolute Devise with Power of Unlimited Disposition is Void.—Where property is devised absolutely with the power of unlimited disposition, a subsequent provision of the will whereby the testator undertook to devise over the undisposed remainder is void.

4. Wills—Gift to Wife Held Absolute, and Not for Life.—A clause in a will giving the property to testator's wife, absolutely, without placing any restrictions upon her, followed by a statement that it was done so that she might dispose of it as she deemed fit and use the proceeds as she wished, manifests an intention to give her an absolute estate with unlimited power of disposition so that a subsequent attempted gift of the property undisposed of at her death was void.

JOHN WM. HEUVER for appellants.

MATT HEROLD and DAVID HOWE for appellees.

MATT HEROLD for appellant.

DAVID HOWE for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Thomas Craig died in 1916, leaving property in Campbell county which he devised to his wife, Bernardina Craig. His wife has since died, and these consolidated cases involve a construction of clauses 3, 4 and 5 of his will. They are:

"Thirdly, I will and bequeath to my devoted wife Bernardina Craig all of my remaining properties, possessions and moneys. At my death I give to her all that I possess both in regard to money, property, real estate or any other possessions. And I give these to her absolutely without placing any restrictions upon her, so that after my death, she may dispose of my moneys, real estate and possessions as she sees fit and conducive to her own happiness, comfort and life, especially, so that she can sell any or all the real estate, as she sees fit, and that she can use the proceeds, as well as all other of my money, as she wishes to do.

"Fourthly, in the case that my wife, Bernardina Craig shall not have entirely disposed of all my real

estate, money and other possessions at her death, then I will and bequeath that the two story frame building at 319 Poplar street, Bellevue, Ky., shall become the possession of my wife's niece, Miss Frances Craig Radelman.

"Fifthly, in the case that my wife Bernardina Craig shall not have consumed or disposed of all my real estate, money and other possessions at her death, and after the two story frame building at 319 Poplar street, Bellevue, Ky., has been given to my wife's niece, Frances Craig Radelman, then I will and bequeath that all remaining property, possessions and money shall be divided equally between my wife's niece, Frances Craig Radelman, and my nephew, Thomas Craig, Jr., of Middletown, Ohio."

It is contended by Thomas Craig, Jr., collateral relative of the testator, that Bernardina Craig took only a life estate in the property devised, with power to sell and consume it, and that any part of it undisposed of at her death passed under clauses 4 and 5 of the will. The collateral relatives of Bernardina Craig contend that she took an absolute estate in the property.

It is a cardinal rule for the construction of a will that all of its provisions must be considered with the view of ascertaining the intention of the testator, and, that being done, such construction given as will carry out his intention, provided it does not contravene any rule of public policy, or is not contrary to any established rule of law. A subsidiary rule is that, where a life estate only is devised, with power of disposition, a limitation over as to such of the devised property as shall remain undisposed of at the death of the life tenant is valid, but where the property is devised absolutely, with the power of unlimited disposition, and by a subsequent part of the will the testator undertakes to devise over the undisposed remainder, the limitation is void.

By the third clause of the will the testator gave to his wife, at his death, all of his property of every kind, stating that he gave it to her absolutely, without placing any restrictions upon her. Following that statement, however, he said that this was done so that she might dispose of it as she deemed fit "and conducive to her own happiness, comfort and life, especially so that she can sell any or all of the real estate as she sees fit, and that she can use the proceeds as well as all other of my money, as she wishes to do." This part of the clause is said to indicate, when considered with the two succeeding

clauses, an intention that the wife should take only a life estate, with the power of disposition and consumption, and whatever remained undisposed of at her death should pass to Frances Craig Radelman and Thomas Craig, Jr., under clauses 4 and 5. We do not draw from the language referred to any such intention on the part of the testator, but construe it as an expression of his reasons for giving the property to his wife absolutely, and not as a limitation over.

The language used by the testator is very similar in its import to that considered by this court in Becker, etc. v. Roth, etc., 132 Ky. 429, where it was held that the testator devised to his wife a fee simple estate, and the limitation over as to such part of the property as should remain undisposed of at her death was void as repugnant to the fee. There is an elaborate discussion in that opinion of the effect of an unqualified right of disposition given to the devisee, resulting, as held, in the passing of the fee, and the different rule applicable where the devisee takes a life estate with power of disposition, in which case the devise over is valid. Many authorities are cited in the opinion to support its conclusions. See also Nelson, etc. v. Nelson's Executor, 140 Ky. 410.

The cases cited in support of the contention of Thomas Craig, Jr., are inapposite, since in all of them the language employed by the testator clearly indicated that the devisee should take only a life estate with power of disposition, and in that class of cases, as we have seen, it has been held that the devise over is valid. But here the wife of the testator took an absolute estate, and, there being nothing left for the testator to dispose of, the devise over was void. The trial court so construed the will, and in our opinion its construction is correct. The judgment is affirmed.