## Maher, et al. v. Maher, et al.

(Decided December 19, 1924.)

### Appeal from Mason Circuit Court.

1. Trusts—To Create "Spendthrift" Trust, Designation of Cestui Que Trust as Spendthrift Unnecessary.—To create a "spendthrift" trust, instrument need not call cestui que trust a spendthrift nor contain all specifications and qualifications incident to trust, provide expressly that income shall not be subject to execution, or contain a devise over after beneficiary's death; but is sufficient if it appears that testator intended spendthrift trust; a "spendthrift" being one who so spends or wastes his estate as to expose himself or family to want or suffering, or to expose town or his family to charge for his support or that of his family.

2. Trusts—Person May Create Trust Providing Against Alienation by Anticipation.—A person having right to dispose of property may give it by will in trust for another, with provision that income shall not be alienated by beneficiary by anticipation.

3. Trusts—Spendthrift Trust Cannot be Terminated at Will of Cestui Que Trust, Though Trustee Consents and no One Objects.—Where testator named one of sons as trustee with direction to pay income, and any part of principal he deemed proper, to another

son, it was clearly a spendthrift trust, which could not be terminated at will of cestui que trust, though trustee consented and no one objected; cestui que trust taking estate subject to terms and conditions of will and in no other way.

4. Wills—Court of Equity Cannot Remake Will Creating Lawful Spendthrift Trust, However Inconvenient.—A court of equity cannot remake provisions of will creating spendthrift trust, however inconvenient it may be to cestui que trust, provided it is in other respects lawful.

5. Wills—Provision in Will Creating Spendthrift Trust Held Not an Invalid Limitation After Gift in Fee.—Where testator, after devising estate in equal parts to six sons, in same sentence created a spendthrift trust as to one son, naming another son as trustee, held that there was no invalid limitation after gift in fee.

WORTHINGTON, BROWNING & REED for appellants.

J. M. COLLINS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

The will of Patrick Maher, of Mason county, after making certain specific devises and bequests, contained the following clause:

"All the rest and residue of my estate of every kind and wherever located, I will, devise and bequeath to my six sons, William Maher, Edward Maher, Thomas Maher, John Maher, Patrick Maher and Daniel Maher, to be divided equally among them, share and share alike; but it is my will and I direct that the share of my son William shall be placed in the hands of my son Edward and to be held and controlled and invested by my son Edward as he shall see fit and to pay the annual income therefrom or any part of the principal that he may deem proper to my said son William. Any part of said fund that may be remaining at the death of said son William shall be paid to any children he may leave surviving him, but if he leaves no child or children surviving him then such remainder, if any, shall go to and vest in my son Edward Maher."

After the death of Patrick Maher his son Edward took charge of that part of the estate going to William in accordance with the provisions of the will. For some time he exercised the duties of trustee, paying over to his

brother William all of the income and a large part of the principal of that part of the estate going to William. This did not satisfy William, who, the record shows, was a spendthrift, and he wanted other allowances out of his share.

The duties of the trustee becoming burdensome, Edward brought this action in the Mason circuit court to be allowed to settle his accounts as trustee and be relieved from further duty when and after the court had appointed another in his stead. The prayer of his petition was granted and he was discharged after settlement. Thereupon C. L. Wood, suggested by William Maher, was appointed trustee for William Maher, and qualified and entered upon the discharge of his duties. Soon thereafter he filed a petition apparently in the same action, praying an order allowing him to pay all or at least a portion of the principal of the estate to the *cestui qui trust*. William Maher filed his petition to be made a party alleging he was a citizen of Mason county and the *cestui qui trust* under item five of the will of Patrick Maher; and further that under the provisions of clause five of said will, quoted above, the fee simple title to all of his interest in his father's estate vested immediately in him, the plaintiff, William Maher, and that the attempted limitation upon the fee and the creation of this trust fund is null and void. A construction of the will of Patrick Maher, particularly of clause five thereof, was specifically prayed by both the trustee and the *cestui qui trust*. Edward Maher, brother of William, filed an answer in which he set forth facts showing William to be a spendthrift; that he was improvident; had no occupation save that of following the race tracks and gambling; that he had wasted a large part of his estate and was constantly begging for more; that if his estate was turned over to him it would soon be wasted and William would become a charge upon the family and community. He asked that the estate not be turned over to William and that it be administered according to the terms of his father's will. The court entered the following as its judgment:

> "The demurrer of Edward Maher to the petition in equity of William Maher and C. L. Wood as trustee of William Maher v. Edward Maher, praying that the will of Patrick Maher be construed as creat-

ing a fee simple in William Maher is sustained and plaintiffs declining to plead further, their petition is dismissed.

"It is further ordered that Edward Maher recover his costs herein from the trustee, C. L. Wood, trustee of William Maher."

Appellant filed an exhaustive brief but we have not been favored with a brief for appellee. Appellant insists that the first part of clause five of the will, reading: "All the rest and residue of my estate of every kind and wherever located, I will, devise and bequeath to my six sons, William Maher, Edward Maher, Thomas Maher, John Maher, Patrick Maher and Daniel Maher, to be divided equally among them, share and share alike," was a final disposition of the residue of the estate involved in this litigation, and it was not competent for the testator to attempt any limitation upon the fee estate which he had devised to his son William. Appellant earnestly insists that a limitation after gift in fee with power of disposition is clearly invalid, and he cites in support of this contention a number of cases, including Craig, et al. v. Radelman, et al., 199 Ky. 501. He also insists that where all the parties in interest agree on termination of the trust it may be terminated even though the trust has not ceased by expiration of time, or all purposes have not been accomplished.

A spendthrift is one who by excessive drinking, gambling, idleness or debauchery of any kind, shall so spend, waste or lessen his estate as to expose himself or his family to want or suffering or to expose the town, or members of his family, to charge or expense for the support of himself or family. (Bouvier.)

It is generally held that an instrument need not call the *cestui qui trust* a spendthrift, nor is it necessary that it shall contain all the specifications and qualifications incident to such a trust. If it appears that the donor or testator intended a spendthrift trust, that is enough. The court will not inquire whether he is a spendthrift. It is not necessary to provide expressly that the income shall not be subject to execution in order to create a spendthrift trust; nor need there be a devise over after the beneficiary's death. It was held in the case of Mason v. Trust Co., 78 Conn. 81, that where the testator permits trustees to pay income in their discretion, and provides

for accumulation, it is a valid spendthrift trust; and so where the executors are to hold the trust and pay only such part of it as they shall deem necessary for the beneficiary's support and on his death to pay the remainder to his heirs.

There is no ground for setting aside the trust in favor of William Maher, created by his father's will, so far as we are able to discern from the record. A person having entire right to dispose of property may settle or give it by will in trust for another, with the provision that the income shall not be alienated by the beneficiary by anticipation. William Maher takes whatever title he has in and to the estate mentioned and described in the fifth clause of his father's will, subject to all the terms and conditions thereof; and he can have it in no other way. The father had a right to place a limitation upon his share of the estate and in the exercise of that right place William's share in trust for his use and benefit, making his brother trustee. It cannot be terminated at the will of the *cestui qui trust,* nor at his pleasure when consented to by the trustee. It does not matter that no one is objecting. A court of equity has no right to remake the provisions of the will creating the trust, however inconvenient it may be to the *cestui qui trust,* provided it is in other respects lawful.

We do not agree with appellant in his contention that the last part of item five of the will is an invalid limitation after a gift in fee. Paragraph five of the will is but one sentence, devising to William one-sixth interest in the residue of the estate, the same as to the other sons, but before ending the sentence the testator provides for a trust and places the property in the hands of Edward, as trustee for the use and benefit of his brother William. There was, therefore, no unrestricted gift in fee to William and, therefore, no attempted limitation after a gift in fee.

For the reasons indicated the judgment is affirmed.