### Nelson, et al. v. Nelson's Exor.

(Decided October 26, 1910.)

#### Appeal from Marshall Circuit Court.

1.   Wills—Absolute Devise—Unlimited Disposition—Undisposed Remainder—Limitation Over Void.—The rule is now well settled in Kentucky that where property is devised absolutely, with the

power of unlimited 'disposition, and by a subsequent part of the will the testator undertakes to devise over an undisposed remainder of the property, the limitation over is void.

2. Life Estate—Undisposed property—Death of Life Tenant.—But where a life estate only is devised with power of disposition, then the limitation over of such of the devised property as should remain undisposed of at the death of the life tenant is valid.

OLIVER & OLIVER, R. L. SHEMWELL, COY REEDER, H. D. COLLIE for appellants.

No brief for appellee

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

The question involved on this appeal is whether D. L. Nelson, the husband of Angelina Nelson, took a fee simple title to her property under her will, or whether he only took a life estate with the power of disposition during his life, the remainder vesting in her children. The will is as follows:

"I, Mary Angelina Nelson, being of sound mind and disposing memory, do make and publish this my last will and testament.

"1st. I will and bequeath to my husband, D. L. Nelson, all my property, both real and personal, to have, hold, sell and transfer as he in his judgment may deem necessary and proper, but at his death any and all of said property and the proceeds resulting from the sale of same that he may own at the time of his death shall descend and go to my children equally.

"2d. It is my will and desire that my children, Enos Alexander, Alva Ashford, John Thomas, Joseph Eugene, David Lotspeich, Manerva Angelina, Susan Elizabeth and Robert Holloway Nelson take nothing from my estate, I feeling confident that my husband, D. L. Nelson, will properly care for them."

In construing the foregoing will, the circuit judge held that the husband took the devised property absolutely, and that at his death it passed to the executor under his will and not to the children of Angelina Nelson. The rule is now well settled in Kentucky, that, where property is devised absolutely, with the power of unlimited disposition, and by a subsequent part of the will the testator undertakes to devise over an undisposed remainder of the property, the limitation over is void.

In the case of Becker, et al. v. Roth, et al., 132 Ky. 429, we fully considered this question, collecting and reviewing the authorities bearing upon it, and there announced the rule as stated above. But where a life estate only is devised, with power of disposition, then the limitation over of such part of the devised property as should remain undisposed of at the death of the life tenant is valid. The learned counsel for appellant are in error in citing the case of Commonwealth v. Stoll, 114 S. W. 279, as opposed to the principle herein enunciated. It is true, the court in its first opinion in that case laid down the rule as contended for by appellant, but afterwards that opinion was withdrawn, and in an opinion written for the court by Judge Nunn (116 S. W. 687) the rule was announced as herein stated. These opinions and the authorities therein cited are conclusive of the question at bar, and the judgment of the circuit court is, therefore, affirmed.