## Kentucky Refining Co. v. Waggener.

(Decided October 28, 1910.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Contract—Collecting Claims—Failure to Allege Fraud or Deception. —Appellee instituted this suit against appellant to recover $1,200, which it alleged appellant had collected through E. E. Paine, agent for appellant, against the L. & N. R. R. Co., and to require him to surrender a balance of the claim of $2,200, not collected, which he refused to surrender. Held, we can see no reason for appellant avoiding its contract with appellee made in 1909, because there was a mistake committed in the contract with Paine in 1908, unless it was. shown that the contract made with appellee was obtained by fraud or deception, which is not alleged.

ARTHUR M. RUTLEDGE for appellant.

J. C. DODD for appellee.

Opinion of the Court by Judge Nunn—Affirming.

It appears that in 1908, appellant had claims amounting to something over $38,000 against the L. & N. Railroad Co. for overcharges in freight. These claims had been accumulating for several years, and in the year 1908, appellant, by its executive committee, made a contract with one E. E. Paine to collect same from the railroad company. Paine was to be paid seven and one-half per cent. on the collections for his services. The

executive committee fixed the date back of which he was to collect the claim as January 1, 1907, that is Paine was to receive all claims of the character mentioned which had been filed with the railroad company's agent prior to January 1, 1907. The list of the claims was soon thereafter made out by the clerk of appellant and turned over to Paine for collection. There were claims in the list amounting to about $2,200 which had not been filed with the railroad officials prior to January 1, 1907. The evidence is conflicting as to why the list contained these claims. The trend of the testimony is to the effect that some one or more of the directors directed it to be done as they were of the same character of claims as the others and had originated prior to January 1, 1907, but by inattention had not been filed with the railroad officials. There is not an intimation in the record that this was done for the purpose of gaining any advantage or profit by any one engaged in the transaction. Appellee, R. C. Waggener, was then the president of appellant and a large stockholder. He also had a contract with appellant by which it was to pay him from January 1, 1905, for ten years, a salary of $6,000 and 10 per cent. of the net profits of the subsidiary companies of appellant. In February, 1909, Waggener sold to William Campbell his $250,000 worth of common stock and the unexpired part of his contract as president of the company, for the price of $37,000 in cash and the $38,000 worth of claims against the L. & N. Railroad Co., in the hands of Paine for collection. It seems that appellant consented to this trade with Campbell and had its vice president execute to Waggener the following writing:

"Know all men by these presents that the Kentucky Refining Company, a corporation organized under the laws of the state of Kentucky, and doing business in the city of Louisville, for and in consideration of the sum of one dollar ($1.00), and other good and valuable consideration, to it especially moving, in hand well and truly paid by R. C. Waggener, of the said city and state, receipt whereof is hereby acknowledged, has assigned, transferred and set over, and by these presents, do assign, transfer and set over unto the said R. C. Waggener all its right, title and interest in and to certain railroad freight claims, claimed to be due the said Kentucky Refining Company, and known as the E. E. Paine L. & N. Railroad claims, and now in the hands of said Paine for collection; and the said Kentucky Refining Company does

hereby, in consideration of the premises, constitutes and appoints R. C. Waggener its agent for the purpose of the collection of the said claims, and agrees to execute and deliver such further assignments or transfers of the aforesaid railroad claims as may be necessary to effectuate the purpose hereof, and to enable said Waggener, at his own cost and expense, to collect same. Likewise, the said Kentucky Refining Company does hereby agree that it will refrain from interfering with, or releasing or depreciating the value of the claims hereinabove referred to, and will, from time to time, give full access as to its files and books to the said Waggener, or his duly appointed agent, for the purpose of enforcement of any such claims.

"In witness whereof the Kentucky Refining Company has caused the signature of the vice president and its common and corporate seal, attested by its secretary, to be heretofore affixed.

"This the 15th day of February, 1909."

This litigation arises with reference to the $2,200 worth of claims which were placed in the hands of Paine for collection and which had not been filed with the railroad officials prior to January 1, 1907. After this contract was made and delivered to Waggener, appellant proceeded to collect about $1,200 of these claims and refused to turn the money over to appellee, and was endeavoring to collect the balance of the claims. Appellee instituted this action upon the contract against appellant to recover the $1,200 and to prevent it from collecting the remainder of the $2,200. Appellant answered denying appellee's right to the claims and the money collected, and set forth the error in turning over these claims to Paine. It alleged that Paine had no right to the claims, and that appellee was not entitled to them under his contract because they were wrongfully in the hands of Paine. It is not alleged in the answer nor shown by the proof that appellant's officers did not know that these claims were in the hands of Paine at the time the contract sued on was executed, nor that there was any fraud or deception practiced by appellee or any one in obtaining the contract sued on. The contract under consideration expressly sold and assigned to appellee "the E. E. Paine L. & N. R. R. Claims and now in the hands of said Paine for collection." The claims in litigation were in the hands of Paine at the time the contract copied was executed and delivered and had been in his hands from the time

appellant made the contract with him in 1908. We can see no reason for appellant avoiding its contract with appellee, made in 1909, because there was an error committed in the contract made with Paine in 1908, unless it was shown that the contract made with appellee was obtained by him by fraud or deception, and this is not alleged.

For these reasons, the judgment of the lower court is affirmed.