## Plaggenborg, et al. v. Molendyk's Administrator.

(Decided March 19, 1920.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Wills—Estates Devised—Gifts Over After Absolute Devise—Gifts Over After Life Estate—Validity.—Where property is devised to one absolutely, with the power of unlimited disposition, the limitation over of what remains undisposed of is void, but where a life estate only is devised, with power of unlimited disposition, the limitation over of what remains undisposed of is valid.

2. Wills—Construction—Estates Acquired—Limitation Over After Absolute Estate.—After the payment of his debts, testator devised all his remaining estate to his wife, and then provided that after his wife's death, "any remaining estate should be given to his children:" Held, that the wife took the fee and that the limitation over of what remained undisposed of was void.

MARTIN J. BROWN for appellants.

S. W. ADAMS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This appeal involves the construction of the will of Theodore Molendyk, which is as follows:

"I, Theodore Molendyk, being of sound mind, do declare this to be my last will and testament. After the payment of all my debts, I give, devise, and bequeath all the remaining estate, both real and personal, to my wife, Bernadina Molendyk, she to be administratrix without bond.

"Witness my hand and seal this 14th day of January, 1915.

"Signed and sealed, published and declared as and for the last will and testament of Theodore Molendyk, the above named testator, in the presence of us, who in his

presence and at his request, and in the presence of each other, have hereunto subscribed our names as witnesses.

"After my wife's, Bernadina Molendyk, death, I desire any remaining estate, both personal and real, to be given to Kate, Dora and Anna Molendyk.

"(Signed) THEODORE MOLENDYK."

The question arises in the following way: Suit was brought by Bernadina Molendyk against Kate Plaggenborg, Dora Plaggenborg, and Anna Kerns, the children of Theodore Molendyk, for a construction of the will, it being alleged in the petition that the testator died the owner of certain real estate, and that plaintiff was devised the fee simple title thereto. The defendants having declined to plead further after their demurrer to the petition was overruled, it was adjudged that plaintiff acquired the fee simple title by the will, and defendants appeal.

It is the settled rule in this state, that where property is devised to one absolutely, with the power of unlimited disposition, the limitation over of what remains undisposed of is void, but where a life estate only is devised, with power of unlimited disposition, the limitation over of what remains undisposed of is valid. Trustees, Presbyterian Church of Somerset v. Mize, 181 Ky. 567, 205 S. W. 674; Phelps v. Stoner's Admr., 184 Ky. 466, 212 S. W. 423; Nelson v. Nelson's Exor., 140 Ky. 410, 131 S. W. 187; Becker v. Roth, 132 Ky. 429, 115 S. W. 761; Commonwealth v. Stoll's Admr., 132 Ky. 237, 116 S. W. 686. Of course the question in every case is whether the fee or a mere life estate was devised to the first taker. There is nothing in the will in question to indicate that the testator intended that his wife should take only a life estate. He did not say that the particular property devised to his wife should pass to his children at her death, but confined the limitation over to the remaining estate. In other words, he gave to his wife an aboslute estate with limitation over of what remained undisposed of. That being true, the limitation over was void. It follows that the chancellor's ruling was proper.

Judgment affirmed.