## Beemon v. Utz, et al.

(Decided December 14, 1926.)

### Appeal from Boone Circuit Court.

1.  Wills—Limitation Over After Devise of Fee is Void, but After Life Estate is Valid.—General rule is that a limitation over after a devise of the fee is void, but limitation over after a life estate is valid.
2.  Wills—Devise of Property to Son "at His Death to His Legal Heirs," Held to Create Fee-Simple Estate.—Devise of property to testator's widow, and on her death or remarriage to his son, "to have and use as he sees best, at his death to his legal heirs," held to create fee-simple estate in son.

N. E. RIDDELL for appellant.

JOHN M. LASSING for appellees.

Opinion of the Court by Judge Clay—Affirming.

On June 2, 1926, J. W. Utz and wife entered into a written contract by which they sold to Alonzo Beemon a Boone county farm belonging to J. W. Utz. The purchaser declined to take the property on the ground that Utz could not convey a good title. Thereupon this action was brought for specific performance. On final hearing plaintiffs were granted the relief prayed, and Beemon has appealed.

The case turns on the construction of the will of Legrand Utz, the father of J. W. Utz, the material portions of which are as follows:

"Second: After my death I will and bequeath to my beloved wife, Joann Elizabeth Utz, all of my estate both real and personal to have and to hold during her natural life, or as long as she remains my widow. It being my desire that as long as she remains my widow for her to have the full control and use of my estate for her own personal benefit.

"Third: At the death of my wife *of* if she should at any time become the wife of some one else, then in either case it is my will and I so desire that all of my estate that remains at that time will go, and belong to my son, James William Utz, to have and use as he sees best, at his death to his legal heirs."

The rule is that a limitation over after a devise of the fee is void, but a limitation over after a life estate is valid. Becker v. Roth, 132 Ky. 429, 115 S. W. 761. The question which arises first in every case is whether the estate devised to the first taker is a fee or a life estate, and this must be determined from a consideration of the whole will. Harkness v. Lisle, 132 Ky. 767, 117 S. W. 264; Plaggenborg v. Molendyk, 187 Ky. 509, 219 S. W. 438; Thurmond v. Thurmond, 190 Ky. 582, 228 S. W. 29. Whether the words, "at his death to his legal heirs," if standing alone would be sufficient to show that the testator intended that his son, James William Utz, should take only a life estate, we need not inquire. The devise to the testator's wife has an important bearing. Its language is, "to have and to hold during her natural life." This plainly shows that when the testator intended to devise a life estate he knew what language to employ for that purpose. If he had intended to devise a mere life estate to his son, the natural thing to have done would have been to use the same language which he employed in the devise to his wife. Not having done this, but having provided that all his estate, both real and personal, should "belong to my son, James William Utz, to have and use as he sees best" we are constrained to hold that the words, "at his death to his legal heirs," were not sufficient to import a life estate, but were a mere

attempt on the part of the testator to limit the estate after a devise of the fee, and that the limitation was invalid.

Judgment affirmed.