## Jackson v. Ku Klux Klan et al.

(Decided November 1, 1929.)

LOUIS I. IGLEHEART for appellee E. A. Jackson.

W. W. KIRTLEY for appellee Knights of the Ku Klux Klan.

FLORENCE JACKSON in pro. per.

LA VEGA CLEMENTS for appellee Compton.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Affirming.

This is an action instituted pursuant to the provisions of section 639a1 et seq., Civil Code of Practice, for the purpose of construing the will of Richard Jackson, deceased, late of Daviess county, Kenturky, and for the determination of the rights of the parties named therein as devisees. The will, in its entirety, reads as follows:

"August 1, 1923.

"Know all men by these presents that I, Richard Jackson, in Consideration of the Natural Love and Affection which I Have and Bear For my Son E. A. J. and also for diver others good causes and conditions that I Richard Jackson Hereunto Do Grant and give and conferm unto my son E. A. Jackson all of my estate Household good and money to Have Hold and Enjoy to do with this Estate as he Pleases at My death and he is to pay all of my just

debts I appoint my son E. A. Jackson my Executor and administrator without bond I will that my son E. A. Jackson is to pay to Otto L. Compton one Hundred Dollars in to year at any time soots him any one trying to brak this will I will out of my estate.

"Shud E. A. Jackson die before his wife, any part of the remaining goes to his wife Florence Jackson as long as she is his widow thence to Otto L. Compton.

"If Otto L. Compton is dead my estate goes to the K. K. Klan of Owensboro.

"Richard Jackson."

For the appellant, Florence Jackson, it is contended that E. A. Jackson takes only a life estate, while appellee contends that he takes the fee.

It is the settled rule in this state that, where property is devised to one absolutely, with the power of unlimited disposition, the limitation over of what remains undisposed of is void; but, where a life estate only is devised, with power of unlimited disposition, the limitation over of what remains undisposed of is valid. Trustees of Presbyterian Church of Somerset v. Mize, 181 Ky. 567, 205 S. W. 674, 2 A. L. R. 1237; Phelps v. Stoner's Adm'r, 184 Ky. 466, 212 S. W. 423; Nelson v. Nelson's Executor, 140 Ky. 410, 131 S. W. 187; Plaggenborg v. Molendyk, 187 Ky. 509, 219 S. W. 438. The application of this rule is illustrated in the case of Beemon v. Utz, 217 Ky. 158, 289 S. W. 221, where the testator by the second clause of his will devised to his wife, Joan, "all of my estate, both real and personal, to have and to hold during her natural life, or as long as she remains my widow," and by the third clause of his will provided that at the death of his wife, or if she should at any time become the wife of another, then, in either case, that "all of my estate that remains at that time will go and belong to my son, James William Utz, to have and use as he sees best, at his death to his legal heirs." It was contended that the son, James William Utz, as did his mother, took merely a life estate. In disposing of the case the court said:

"Whether the words, 'at his death to his legal heirs,' if standing alone, would be sufficient to show that the testator intended that his son, James William Utz, should take only a life estate, we need not inquire. The devise to the testator's wife has an

important bearing. Its language is 'to have and to hold during her natural life.' This plainly shows that, when the testator intended to devise a life estate, he knew what language to employ for that purpose. If he had intended to devise a mere life estate to his son, the natural thing to have done would have been to use the same language which he employed in the devise to his wife. Not having done this, but having provided that all his estate, both real and personal, should 'belong to my son, James William Utz, to have and use as he sees best,' we are constrained to hold that the words, 'at his death to his legal heirs,' were not sufficient to impart a life estate, but were a mere attempt on the part of the testator to limit the estate after a devise of the fee, and that the limitation was invalid.''

By the will in question the testator gave to appellee ''all of my (his) estate, household goods and money, to have, hold and enjoy, and to do with the estate as he pleases at my death.'' That language gives an unqualified right of disposition. There is nothing in the will to indicate that the testator intended his son should take merely a life estate. There is no provision that the particular property devised to the son should pass to the son's wife, or to Compton, or to the K. K. Klan at the son's death. Testator confined the limitation over to any part of the estate remaining at the son's death. By the devise to his son, testator gave him an absolute estate, with limitation over of what remained undisposed of. The limitation over was void. That being true, the chancellor's ruling was proper.

The judgment is affirmed.