## Sumner et al. v. Borders et al.

(Decided Oct. 30, 1936.)

LEE GIBSON and HUBERT MEREDITH for appellants.

L. P. TANNER, CARL ROSS and B. P. WOOTTON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Pat Sumner and 23 others, who allege they are the heirs of Emma Borders (nee Sumner), have appealed from a judgment by which there was adjudged to C. L. Borders and about 30 others the ownership of certain real and personal property that had formerly belonged to J. H. Borders.

For convenience we shall refer to the appellants as the "Sumner Heirs" and to the appellees as the "Borders Heirs."

## The Controversy.

Some time between July 2, 1931, when he made his will, and August 3, 1931, when it was probated, J. H. Borders of Calhoun, Ky., died. From these two clauses of his will this litigation has resulted:

"Seventh: I bequeath, devise and give to my beloved wife, Emma Borders, the remainder of my personal property and all of my real estate to do as she sees fit.

"Eighth: And at her death if she has any of my real estate or personal property at that time, I bequeath same to my brothers and sisters to be divided equally with each of them."

No other parts of the will are in any way disputed.

Emma Borders (nee Sumner) lived until some time in 1934, the exact date not appearing in this record, and died intestate and without issue. The Sumner heirs, as her collateral kindred, claim this property as her heirs, and that she took a fee under clause 7. The Borders heirs, as the collateral kindred of her husband, claim she took a life estate, and hence they assert title to this property under clause 8.

## Solution.

If clause 8 were not in this will, the right of the Sumner heirs to prevail would be unquestioned, for clearly the testator, by clause 7, gave his property to

his wife by an absolute fee-simple title, and the question is: Did he after that, by clause 8, cut down the title he had given her?

In Slayden v. Hardin, 257 Ky. 685, 79 S. W. (2d) 11, 12, we said:

"In the acquisition of a fee-simple title to land, one gets an estate unlimited as to duration, disposition, and descendibility. It must be an estate that may last forever; it must have no termination. It must be one the recipient may dispose of as he chooses by will, deed, or otherwise. It must be descendible, not to some of his heirs, but to any and all heirs the recipient may happen to have."

We are required by our statutes, if possible, to so construe this will as to give Mrs. Borders such an estate. Section 2342, Ky. Stats.

"Unless a different purpose appear by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of."

69 C. J. p. 460, sec. 1521, states the rule this way: "Where, however, there is a clear devise of a fee simple, an attempted gift over is void and the clear fee simple will not be cut down by such void and repugnant remainder or gift over, whether the gift over is expressed to be of what remains, or may be left, or is unexpended, or the residue, or [what] is on [hand at the] death of the first taker without having disposed of the property."

Some of the cases to same effect are: Brinley v. Brinley's Adm'r, 261 Ky. 698, 88 S. W. (2d) 679; Whicker v. Strong, 258 Ky. 135, 79 S. W. (2d) 388; Wells v. Jewell, 232 Ky. 92, 22 S. W. (2d) 414; Jackson v. Ku Klux Klan, 231 Ky. 370, 21 S. W. (2d) 477, 75 A. L. R. 64; Beemon v. Utz, 217 Ky. 158, 289 S. W. 221; Alexander v. Hendricks, 201 Ky. 677, 258 S. W. 81; Craig v. Radelman, 199 Ky. 501, 251 S. W. 631; Weller v. Dinwiddie, 198 Ky. 360, 248 S. W. 874; Linder v. Llewellyn's Adm'r, 190 Ky. 388, 227 S. W. 463; Plaggenborg v. Molendyk's Adm'r, 187 Ky. 509, 219 S. W. 438; Garrard v. Kendall (Ky.) 121 S. W. 997; Becker v. Roth, 132 Ky. 429, 115 S. W. 761. Where a testator

gives property to his wife and then provides that at her death it shall go to another, the first taker gets only a life estate, but where the limitation over is "of what is left," "what she has left," etc., we hold that indicates the first taker gets a fee and the limitation over is void. See Ewering v. Ewering, 199 Ky. 450, 251 S. W. 645; Snyder v. Snider, 202 Ky. 321, 251 S. W. 700.

The rule regarding the construction of wills like this is well stated in Hicks v. Connor, 210 Ky. 773, 276 S. W. 844. This will falls within the first clause of class 1, as given in that opinion.

The appellees contend that to arrive at the proper construction of this will we must take it by its four corners and determine its meaning by a consideration of it as a whole, and they cite and rely upon many authorities, particularly Lewis v. Lewis, 253 Ky. 843, 70 S. W. (2d) 679. They are right about that.

In Lewis v. Lewis it was held that the wife only took a life estate and not a fee simple. That is always the pivotal question. If it is clear the will gives to the first taker a fee-simple title, then any limitation over of what is left at her death is void for this reason. If the first taker gets a fee-simple title, there is nothing left upon which the limitation over can operate. This same conclusion has been reached in England and in 25 states of this Union, in cases involving wills of this kind that are collected in 75 A. L. R. 72 et seq.

In their pleadings these various Sumners simply say they are the heirs of Emma Borders. That is a mere conclusion. Title to real estate will pass by this judgment and the court should require these Sumners to allege and prove in the regular way that they are the heirs of Emma Borders. Section 495a-1, Ky. Stats., will give a good idea what should be shown. The death of Hut Sumner and Dick Sumner and the names of their heirs should be properly established, if they be dead, and some other issues these Sumner heirs have raised or may yet raise among themselves should be disposed of. When that is done, the court will set aside its judgment, dismiss the various pleadings filed on behalf of the Borders heirs, and adjudge this property to the Sumner heirs.

Judgment reversed.