## Scott v. Smith et al.

May 23, 1941.

Roy E. Graves for appellant.

R. W. Keenon and C. S. Matherly for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

John Harlan Smith died testate a resident of Mercer County, Kentucky. Before his death he executed his will, which in due time thereafter was probated in the Mercer county court. This action was filed in the Mercer circuit court by his widow, the appellee and plaintiff below, Orpha Smith, individually and as executrix of her husband's will, against the hiers and devisees of the testator to procure an interpretation of the will, and particularly her individual rights thereunder, including, of course, the extent of the estate that the will conferred upon her. No factual issue was made and the judgment of the court was based exclusively upon the language of the will. The court adjudged that under the interpretative rule as declared by this court, plaintiff, as widow of the testator, was devised the absolute title to all of the property he owned at the time of his death, and that the later clauses in his will attempting to dispose of any remnant that might be left at her death were each and all invalid and did not curtail or limit the absolute estate that he gave his wife in the second item of his testamentary paper.

The learned judge of the trial court filed an opinion in which he discussed all phases of the law applicable to the questions submitted, and made a complete correlation of the cases dealing with the same question here presented. He performed that task so fully and accurately—as well as completely in accord with our views—that we have concluded to adopt his opinion as the opinion of this court, although it is, perhaps, longer than we might have written, but the lucidity with which contentions of counsel are discussed and disposed of justifies, as we conclude, our incorporation of all of it. It says:

"The first item of the will of John Harlan Smith directed the payment of his debts, and by the second item he directed: 'To my beloved wife, Orpha P. Smith, I will, bequeath and devise all of my property of every description, real estate, livestock, money, cash, bonds or stocks or any other property of any kind or description, for her to use and manage and dispose of as she thinks best and if she so desires to sell any of my real estate and make title to same by deed and said conveyance so made by her to have the same force and effect as if made by me in person.' By the third item he provided: 'At the death of my said wife I will and bequeath any property then left to be divided equally between my two chil-

dren Martha Bernice Smith and William Earl Smith.' By the fourth and fifth items he provided that the property so passing to his two children should be used for their support, with the proviso that it was not to be subject to debts contracted by either, and with a limitation over of the property at the death of each, and in the seventh item he gave his children the right to sell the real estate devised to each, but in such event the money to be reinvested in other land, with title to be held in their names. By the sixth item he directed that at the death of his wife out of the estate then left $1,000 was to be used for a monument, and in the eighth item he bequeathed to William Scott, his son-in-law, at the death of his wife, $100. The ninth and final item, nominated his wife as the executrix, directed that no surety be required of her, no appraisement or settlement to be made by her, and empowered her to convey any real estate owned by him, with life effect as if made by him in person.

"The suit has been brought by the executrix asking a construction of the will. Testator died in 1935, and the will was duly probated. At the time the will was made, and when testator died, his son William Earl Smith, had no children, but since then a daughter, Ann Harlan Smith, has been born of his marriage with Fannie Walker Smith, to whom he was married at the time of testator's death. The latter's daughter, Martha Bernice Scott, was then married, and is now, to William Scott, and they have one child, William Harlan Scott, Jr., who was living when the will was executed. The answer of the two children of testator asserts that either the will is invalid because of uncertainty, or that under item 2 the widow took a life estate in the property with power to convey in fee, and contains allegations as to the interest the children and grandchildren have under the will, with a prayer for declaration of rights. The guardian ad litem, answering on behalf of the two infants, the grandchildren, alleges the widow takes under the will only a life estate, with the right to use the principal if necessary for her support; that the two children of testator likewise have only a life estate, in remainder, in the property given them, and at the death of the widow and the two children the estate passes in fee to the grandchildren, that the widow, without valuable consideration, has conveyed the property devised to her in

item 2 to the two children, and asks that these conveyances be held void. If the wife of testator takes the fee under item 2 and the limitation over under item 3 is void, it will not be necessary to take up other questions regarding the construction of this will.

"If the absolute estate in property is devised to the first taker, a limitation over to another of what may be left of the property at the death of the former, is void. (Gilligan v. Louisville & N. R. R. Co., 195 Ky. 1, 240 S. W. 739; Snyder v. Snider, 202 Ky. 321, 259 S. W. 700; Weller v. Dinwiddie, 198 Ky. 360, 248 S. W. 874; Plaggenborg et al. v. Molendyk's Adm'r, 187 Ky. 509, 219 S. W. 438; Linder et al. v. Llewellyn's Adm'r, 190 Ky. 388, 227 S. W. 463; Jackson v. Ku Klux Klan, 231 Ky. 370, 21 S. W. (2d) 477 [75 A. L. R. 64]; Nelson v. Nelson's Ex'r, 140 Ky. 410, 131 S. W. 187; Sumner et al v. Borders et al., 266 Ky. 401, 98 S. W. (2d) 918.)

"If, however, the first taker is given a life estate, though with power to use the principal as provided by the will, and there is then a limitation over what is left at his death, the limitation is valid. (Clore v. Clore, 184 Ky. 83 [211 S. W. 208]; Sutton v. Johnson [Ky. App.], 127 S. W. 747; McCullough's Adm'r v. Anderson, et al., 90 Ky. 126 [13 S. W. 353, 7 L. R. A. 836]; Lanciscus v. Louisville Trust Company, 201 Ky. 222, 256 S. W. 424; Trustee of Presbyterian Church, etc. v. Mize, 181 Ky. 567 [205 S. W. 674, 2 A. L. R. 1237]; Hicks v. Connor, 210 Ky. 773, 276 S. W. 844; Evans v. Leer, 232 Ky. 358, 23 S. W. (2d) 553; Blessing v. Johnston, 249 S. W. 777, 61 S. W. (2d) 635; Lewis v. Lewis, 253 Ky. 843, 70 S. W. (2d) 679; Owensboro Banking Company v. Lewis, 269 Ky. 277 [106 S. W. (2d) 1000]). To be distinguished from the first group of cases are those holding that if property is devised to one absolutely, and there follows a limitation over of the very property so devised, and not of the residue remaining at the death of the first taker, the former takes but a life estate and the limitation over will be given effect. (American Christian Mission Soc. v. Tate et al., 198 Ky. 621, 250 S. W. 483; Coleman v. Griffin, 203 Ky. 109, 261 S. W. 890; Ewering v. Ewering, 199 Ky. 450, 251 S. W. 645; Phelps v. Stoner, 184 Ky. 466, 212 S. W. 423.) It is plain, however, our case does not belong to the last group. The problem is whether it belongs to the first or second. A review of

these decisions will reveal the essential feature that determined the classification in the one or the other group.

"In the Gilligan case the will, by the clauses under investigation, provided: 'Sixth. All the rest and residue of my estate, real, personal mixed, I give and bequeath to my wife, Ann Gilligan. Seventh. At the death of my wife, Ann Gilligan, I desire that all the estate remaining to be given to my daughter, Mary, to be hers absolutely.' It was held that under the sixth clause the widow took the fee, and the limitation over to the daughter was void. The court said: 'It is a rule well established in this and other states that, after a clause in the testamentary paper making a devise without limitation to a named person, there can be no limitation put on said devise by any subsequent section or paragraph of the paper, and further that when a fee is devised there can be no remainder, and any attempt on the part of the testator to limit or curtail the fee by a subsequent paragraph or provision in the testamentary paper will be ineffectual.'

"In the Snyder case [202 Ky. 321, 259 S. W. 701], the pertinent part of the will read: 'Will and bequeath to my beloved wife  *  *  *  all of my property, both personal and real estate, located wherever it may be. *  *  *  At the death of my wife,  *  *  *  all property belonging to her shall be equally divided between my heirs.' Construing the word 'belonging' as used there, to be the equivalent of *residue,* or what might remain at the death of the wife, the court declared the widow took the fee, and the limitation over to be void for that reason, the opinion states the rule to be: 'While an absolute estate given in one clause or part of a will may, by other language subsequently employed therein clearly indicating such intention on the part of the testator, limit the estate so given, but, if the limitation only purports to apply, or, by necessary implication from the language employed, is restricted to such of the property devised as the absolute taker might leave or not dispose of, in such case the limitation will not apply, or be upheld, because of its being repugnant to the absolute gift.'

"In the Weller v. Dinwiddie case [198 Ky. 360, 248 S. W. 875], the will was: '2nd. I devise and bequeath to my dear wife, Mattie Dinwiddie, all of my real [estate] and personal property of every description, except my unimproved property, all of which I give to my son,

Clarence R. Dinwiddie, together with any indebtedness he may be owing me. Also $5,000.00 in cash, to be paid son within one year after my death.' By the third clause testator directed that upon the death of either his wife or son, the remainder was to revert to the survivor, and at the death of both, then to certain others. It was held the second clause standing alone would create a fee in the first takers; that the word 'remainder' was used in the sense of 'what may be left'; that testator did not thereby intend to place any restriction upon the use or disposition of the devisees to the first takers; that for this reason the limitation over could not be upheld. The court quoted as follows from the opinion of the lower court, as an apt statement of the matter: 'He [testator] may have thought that he could give absolute title to the propery to his widow and son and still have the right to say, if anything remained or was left after they had used or consumed as much as they wished, it should go to his other relatives. It was the human thing for an aged man to hope, to wish for, but it may not be. Fernandez v. Martin, 189 Ky. 438, 225 S. W. 27. There can be no limitation upon a fee once granted. The construction which this court puts upon the word "remainder" —that is that it is equivalent to "remaining" or "what may be left"—carries with it the power to sell and convey, and that construction itself creates a fee.'

"In Plaggenborg v. Molendyk's Adm'r, the will devised property to the wife; then by a subsequent clause it gave to testator's children, after his widow's death, the property given her and then remaining. The court construed the will as devising her the fee, and the limitation over to the children to be invalid, stating: 'It is the settled rule in this state that, where property is devised to one absolutely, with the power of unlimited disposition, the limitation over what of remains undisposed of is void, but where a life estate only is devised, with power of unlimited disposition, the limitation over of what remains undisposed of is valid. [Citing cases.] Of course, the question in every case is whether the fee of a mere life estate was devised to the first taker. There is nothing in the will in question to indicate that the testator intended that his wife should take only a life estate. He did not say that the particular property devised to his wife should pass to his children at her death, but confined the limitation over [to] the remain-

ing estate; in other words, he gave to his wife an absolute estate with limitation over of what remained undisposed of. That being true, the limitation over was void.'

"In Linder et al. v. Llewellyn's Adm'r, testator devised his property to his wife, with the further provision that whatever might remain at her death should pass to others. Rejecting the construction the first takers took only a life estate with power of disposition, but construing she took the fee, the court said [190 Ky. 388, 227 S. W. 464]: 'The language of the will cannot be construed as indicative of an intention to give to testator's widow only a life estate. It will be noted that the attempted limitation over was not of the entire estate devised to his wife, but only of that part remaining at her death.' And the opinion added: 'It may be said that to construe the will as giving to the widow a fee in the devised property will defeat the intention of the testator. While we do not believe a different conclusion from that reached is justified by the wording of the will, yet this would be true in all cases where a testator undertakes to do that which the law does not permit.'

"Jackson v. Ku Klux Klan presents a will where the first taker was given property to do with as he pleased, and at his death it was attempted to limit what remained to others. It was held the fee passed to the first taker, and for that reason the limitation was not effective. The court declared [231 Ky. 370, 21 S. W. (2d) 478, 75 A. L. R. 64]: 'By the will in question the testator gave to appellee 'all of my (his) estate * * * to have, hold and enjoy, and to do with the estate as he pleases at my death.' That language gives an unqualified right of disposition. There is nothing in the will to indicate that the testator intended his son should take merely a life estate. There is no provision that the particular property devised to the son should pass to the son's wife, or to Compton, or to the K. K. Klan at the son's death. Testator confined the limitation over to any part of the estate remaining at the son's death. By the devise to his son, testator gave him an absolute estate, with limitation over of what remained undisposed of. The limitation over was void.'

"Nelson v. Nelson's Ex'r [140 Ky. 410, 131 S. W. 188], deals with a will of the wife devising all her property to her husband, 'to have, hold, sell and transfer as

he in his judgment may deem necessary,' with the further provision that at his death all of the property, or its proceeds, he might own at that time, should descend to testatrix' children. It was held the husband took the fee, and the limitation over was void. It is true that in that instance by the second item of the will, the devise and limitations over being in the first, testatrix stated that her children, whom she there named, should take nothing of her estate, as she felt confident her husband would properly care for them. Presumably, they were all of the children in whose favor the attempted devise over was made, and it might be urged, with good reason, that this clause clearly showed the intention of the wife was to give her husband the absolute, fee simple estate in the property. But the decision evidently does not rest upon that fact. It rested upon the proposition that under item I the husband was given the fee, and for that reason the limitation over of what remained at his death of the property he had been given absolutely, could be upheld. Said the court: 'The rule is now well settled in Kentucky that where property is devised absolutely, with the power of unlimited disposition, and by a subsequent part of the will the testator undertakes to devise over an undisposed of remainder of the property, the limitation over is void.'

"In Sumner v. Borders [266 Ky. 401, 98 S. W. 919], the will devised to the wife certain property, 'to do as she sees fit.' There was a devise over of any of the property remaining at the death of the widow. It was held that the wife took the fee, and the limitation over was void. In the opinion the court cites in the support of its conclusion many cases, including some of these reviewed here.

"We pass now to the second group of cases, holding that if the first taker is given a life estate, though with power to *use* (encroach upon) the corpus, either for his benefit or support, or even with power of disposition of the property, a limitation over of the residue at the death of the first taker, is valid. If the devise is expressly limited for the life of the first taker, though with (a) power of disposition annexed, it is clear under the authorities that a limitation over of what remains at the death of the devisee (after partially exercising the power) will be upheld. Typical of this class are Clore v. Clore; Trustee of Presbyterian Church v. Mize; Sutton

v. Johnson; Lanciscus v. Louisville Trust Co.; Hicks v. Connor; Evans v. Leer; and McCullough's Adm'r v. Anderson, all listed in our second group. For the purpose of this decision it is not necessary to discuss them. But, though the will does not in terms devise a life estate to the first taker, yet if from the entire will the reasonable inference is that the devisee's estate was intended to be restricted to a life estate, it will be so construed, and the limitation over will be given effect. Belonging to this class are Blessing v. Johnston, Lewis v. Lewis, and Owensboro Banking Co. v. Lewis, heretofore cited.

"In Blessing v. Johnston, the pertinent clause of the will reads: 'I give, devise and bequeath to my beloved wife * * * all the remainder and residue of my estate both real and personal to be hers absolutely until her death and the remainder then to go to Lillian Ackerman and Pauline Blessing in equal shares.' After reviewing some of the leading cases on the subject, the court held that under this clause the wife took a life estate, with power to use the corpus for her comfortable maintenance, and the limitation over valid. The court said: 'It will be observed that the testator in this case did not limit, except by inference, the estate of his widow, the first taker, to a life estate, as was done in the Clore will; but, notwithstanding that omission, we think it cannot be successfully contended that the testator intended to give his wife the property mentioned in the fourth clause of his will in absolute fee-simple title, but rather that she should have the unqualified right to it throughout her life, and when that terminated, whatever was left, which he designated as "the remainder," should go to his two daughters.'

"When this clause in Blessing v. Johnston is compared with that construed in Gilligan v. Louisville & N. R. Co., it will be seen that the wording of the two are closely alike; and yet in the former it was declared the first taker took a life estate, and in the latter, the fee, but there is this difference: In the Blessing case the devise is the first taker 'to be hers absolutely *until her death*.' This emphasized phrase is not in the Gilligan case. There the first taker was given the property without any qualification of any kind, including the period of time for which given. Then in the next sentence was inserted the limitation over, 'at the death of my wife, etc.'

But in Blessing v. Johnston the first taker was given the property, in plain terms, for a certain period—until death. So it would seem that such limitation just as definitely limits the ownership for and during the first taker's life as would a limitation stating it was only for her life. The intention of the testator is just as clear, it occurs to me, in the one instance as in the other as to the extent of the first taker's title. Upon the same ground *Blessing v. Johnston may be distinguished from* the Snyder case and the others that have been referred to as illustrative of the rule determining when the fee passes to the first taker.

"In Lewis v. Lewis there was a devise to the wife of all testator's property, without any qualifications or limitations; in the next item it was provided that at the death of the wife any of the estate remaining should go to certain persons, his, testator's heirs, and by the third item an executor was named who was empowered to 'Sell and dispose of any and all of my estate as he may see fit for the benefit and comfort of my said wife.' [253 Ky. 843, 70 S. W. (2d) 680.] It was conceded, said that opinion, that the first clause standing alone gave the wife an absolute estate in the property, and that if there had been no other words qualifying that devise the limitation over in the next clause, she would have taken the fee, and the limitation over would have been invalid. But the court held that the intention of the testator to give, not the fee, but a life estate, to the wife was disclosed by the third clause, wherein he authorized the executor to sell and dispose of the estate for the benefit and comfort of the widow, that this power given to the executor was not only inconsistent with the wife being given the fee, but it was conferred so he might sell for the comfort and benefit of the widow, this showed it was his intention to limit her to a life estate, with right to have appropriated from the corpus whatever might be reasonably required for her support. The court is careful to point out that the limitation over at the death of the wife did not operate to cut down the apparent fee given the first taker. Had the will stopped with that, then under the principle applied in the first group of cases cited above, she would have taken the fee. But the testator did not stop there. He inserted the third clause, which the court found to be plainly expressed, and plaintly inconsistent with a devise to the

first taker of the fee. In short, the court gave heed to the rule of decision so familiar in the construction of deeds and wills, that the purpose of the grantor or testator is to be ascertained from the entire instrument.

"In Owensboro Banking Co. v. Lewis [269 Ky. 277, 106 S. W. (2d) 1001], the will directed: 'At my death I will that my wife * * * shall have all of my estate of whatever nature that may be, to controll and to use for herself and my children. Provided my wife should ever marry again, I will that the balance of my estate that she may still have at that time, shall be equally divided between herself and my children, that is they may all sheare alike.' He then nominated his wife executrix, without surety, and directed she should act as guardian for the children, without surety. The widow died without having married. The court held that she took a life estate with the right to use and dispose of the corpus of the estate as might be needed for the reasonably necessary requirements of herself and the children. The opinion states: 'The language of the will in question is: "At my death I will that my wife Lula Lewis shall have all of my estate of whatever nature that may be * * *." Had he stopped at this point there would be no room for discussion, but he added: "To controll and use for herself and children." Clearly by the use of this language testator did not intend the vesting of a fee. A trust was created. He further added: "Provided my wife should ever marry again, I will that the balance of my estate that she may still have at that time, shall be equally divided between herself and my children, that is they may all sheare alike." It is not difficult to conclude that although the words "for her natural life" are not used in the will, it was intended by the testator that such of the estate as might be left at the death of the widow should go to the children. In case of marriage she was to take a child's part.'

"So we see that this case is clearly distinguishable from those of the first group of authorities. There was no devise of an estate to the first taker to do with as she pleased, and then a limitation over at her death of what might be left. On the contrary, it was a devise to her for a certain use and purpose—for her and the children. To have held that this passed to her the fee, would have been to disregard the very terms of the devise—that while it was to her, it was expressly for the

benefit of herself and children. Upon the authorities cited, which are typical of the cases generally on this question, it is my opinion that the present will gives to the widow the fee, and the limitation over void—that this case falls within the first group above set out.

"Consider the terms of this devise: 'To my beloved wife, Orpha P. Smith, I will, bequeath, and devise all of my property of every description, real estate, live stock, money, cash, bonds or stock of any kind or description.' Had testator stopped at that point, there could be no question but what the wife would have taken the fee to all the property devised. The Gilligan and other cases from the first group make that plain, and so do the Lewis and Owensboro Banking Company cases. Did what he added qualify the fee? He continued: 'for her to use and manage and dispose of as she thinks best and if she so desires to sell any of my real estate, and make title to same by deed and said conveyance so made by her to have the same force and effect as if made by me in person.' Those words are not of limitation. Rather, they but emphasize that testator intended his wife to have the right to dispose of the property as she pleased. When he empowered her 'to use and manage and dispose of as she thinks best,' he clothed her with the insignia of full and complete ownership of the property. To maintain that the power to dispose of by deed should be construed as a limitation upon the devisee's power of disposition, is to ignore that testator gave her the right to use and dispose of as she thought best the property devised to her, which expressly included the real estate. In short, to treat the power to sell as qualifying her right of disposition, is to lift it clear of its context and setting. The power to sell or dispose of as the devisee may deem proper, carries the fee. Barth v. Barth [38 S. W. 511], 18 Ky. Law Rep. 840. So does the power to hold and dispose of. Becker v. Roth, 132 Ky. 429 [115 S. W. 761]; or the power to sell and transfer as the devisee may deem necessary and proper. Nelson v. Nelson's Ex'r, supra. Where the will gives to one full power to sell and convey, without any provision for reinvestment, the devisee takes the fee. Clay et al. v. Chenault, 108 Ky. 77 [55 S. W. 729, 21 Ky. Law Rep. 1485]. And in the comparatively recent case of Wells v. Jewell, 232 Ky. 92, 22 S. W. (2d) 414, [415], the court held the fee was given where the devise to the first taker gave

her the power to 'sell and convey any or all of said property as she may deem best,' the court declaring this was 'a power of disposition, complete and unlimited.' Further, it will be noticed that in this will we have there no provision for reinvestment, and testator knew how to provide for that, if he desired, for later on in his will he makes such provision guarding the right of the children to sell, expressly conditioning the right to sell upon its being reinvested.

"Of course in construing this will recognition must be given to the rule that effect must be given the intention of testator as disclosed by the entire instrument. (Prindible v. Prindible, 186 Ky. 280, 216 S. W. 583; Blessing v. Johnston, supra). But this intention must be found independently of any limitation over of what may remain at the death of the first taker, where the latter is given the absolute estate. (Lewis v. Lewis, supra). The rule of interpretation of such a will is thus stated in Ewering v. Ewering, 199 Ky. 450, 251 S. W. 645 [646]: 'Since a will is not complete until all of it is written and duly executed by the testator, and since the first clause giving an absolute estate is not effectual for any purpose until the will is executed, and, if the testator, before doing so, inserts a sentence or clause qualifying the absolute one, thereby manifesting his purpose and intention not to devise an absolute estate by the first sentence or clause he used, his intention so manifested would be given effect; but, if the subsequent was so worded as not to destroy the power of the devisee to exercise the chief right of an absolute owner to dispose of and consume the property, it would be construed as not qualifying or limiting the absolute estate first given, and therefore ineffectual for any purpose.' I find nothing on the will as a whole that shows a purpose on the part of testator to limit or qualify the power of disposing of the property by his wife as she thought best. By the sixth item he provided that 'out of the estate then left,' at the death of the widow $1,000 should be used for a monument. There is plain recognition—'out of the estate then left'—of his widow's power of disposition. It is no more effective as a limitation on the estate given her than the attempted limitation over to his limitation over to his children.

"By the eighth item, he directed that at his wife's death $100 be paid to his son-in-law. I do not think it

can be seriously contended that the fact of such a bequest manifests an intention to place any limitation on his widow's power of disposition therefore conferred. And the last item (ninth) empowering his widow, as executrix, to sell and make title to any real estate owned by him. That in no wise detracts from the power he had conferred upon her under the second item, to dispose of the property, including the land, as she thought best. Contrast, in this respect, this will with that of Lewis v. Lewis, heretofore discussed. The inconsistency, there, between the fee passing to the first taker, the wife, and the powers given the executor, is obvious. Not so here. I do not think it may fairly be inferred from this *power* given the executrix that testator intended to put any restriction upon her individual powers over the property."

It will be observed from the court's opinion that losing counsel urged before him, as is likewise done here on this appeal, that one of the fundamental rules for the interpretation of a will is to ascertain from all of its contents the intent of the testator, and to administer it as so confirmed. Under that rule counsel insists that the intention of the instant testator to dispose of any remnant of property that his widow might leave after her death was clearly and unequivocally expressed, and for which reason the court, under the rule relied on, should construe the will so as to carry out that intention. That argument, however, would result in total destruction of the interpretative rule long established in this jurisdiction—that a testator, after bestowing upon a devisee absolute title to property and carrying with it all of the powers of an absolute owner, is without authority to dispose of or attempt to dispose of the remnant of the property, if any, which his devisee might not dispose of or consume during his lifetime. But which rule does not prevail where the estate of the first taker is limited for his life, or where he is expressly given the right and power to encroach upon the corpus for his maintenance and support. Therefore, the rule applicable to the facts of this case withholds from the testator—notwithstanding his intent is expressed otherwise—the authority and power to dispose of whatever remnant of property might be left at the death of the one to whom the absolute fee was given.

For the reasons stated, the judgment is affirmed.