## Gwinn et al. v. Gwinn's Adm'r et al.

Oct. 17, 1941.

W. H. Phillips for appellants.

C. E. Rankin for appellees.

Opinion of the Court by Judge Fulton—Affirming.

In this action a declaratory judgment was sought as to the character of the estate taken by the widow of Haskell Gwinn pursuant to his will executed February 24, 1941, which was as follows:

"Danville, Ky., Feb. 24, 1941

"I hereby bequest—my belongings and property, both personal and real estate to my wife to use as she sees fit, and at her death all that is left to go to Gwinn heirs.

"Haskell Gwinn."

The chancellor adjudged that the will vested a fee simple title in the testator's widow, and this appeal is prosecuted by the testator's brothers, claiming to be his heirs at law.

It is the appellants' theory that the widow took only a life estate in the property with remainder to those persons who would be the testator's heirs at law at the time of his death. Chief reliance is placed on Sisson's Ex'rx v. Sisson et al., 208 Ky. 843, 272 S. W. 15, and Coleman et al. v. Griffin et al., 203 Ky. 109, 261 S. W. 890. We find little in these cases, however, to sustain the appellants' position. In the former case the devise was to the wife "to use as she may deem expedient *as long as she lives,* and at her death whatever part if any remain to go equally to our children." It was held that the widow did not take a fee since the use of the words "as long as she lives" evinced a clear purpose to confine the contemplated use for the period of her lifetime and therefore fell short of conferring on the widow the unlimited power of disposition. In the latter case the devise was to the wife and at her death the estate was to go to others. It was held that the will clearly indicated that the wife took a life estate only.

In the case before us, however, the devise to the wife "to use as she sees fit" clearly vests in the wife a fee simple. It has been so held by us in numerous cases. In Scott v. Scott, Ky., 105 S. W. 896, 897, the devise to the wife was "to have, to hold and to use as she may wish." In Jackson v. Ku Klux Klan, 231 Ky. 370, 21 S. W. (2d) 477, 478, 75 A. L. R. 64, the devise to a son was "to have, hold and enjoy, and to do with the estate

as he pleases." In Sumner et al. v. Borders et al., 266 Ky. 401, 98 S. W. (2d) 918, 919, the devise to the wife was "the remainder of my personal property and all of my real estate to do as she sees fit." In Walker v. Butler, 284 Ky. 179, 144 S. W. (2d) 210, 211, a residuary devise to the wife gave her full and complete charge of the property to the extent of selling and transferring it and provided "and shall use any or all of said property or the proceeds from same that she shall desire." In each of the cases it was held that a fee simple was devised. See also Young's Guardian v. Shaver's Ex'x, 186 Ky. 608, 217 S. W. 902; Dorsey v. Bryan, 170 Ky. 275, 185 S. W. 845; Alsip v. Morgan, 109 S. W. 312, 33 Ky. Law Rep. 72. Under these decisions there can be no doubt that the language of the first part of the will was sufficient to vest a fee simple in the wife. This being true, the subsequent portion of the will undertaking to devise to the Gwinn heirs whatever might be left after the wife's death is ineffective. This has been decided so many times by this court as hardly to require citation of authority, but the latest cases dealing with the subject and reviewing all the authorities are Walker v. Butler, 284 Ky. 179, 144 S. W. (2d) 210; Scott v. Smith, 286 Ky. 697, 151 S. W. (2d) 770; and Barker, etc., v. Eades, 287 Ky. 579, 154 S. W. (2d) 546, decided September 26, 1941.

The chancellor correctly adjudged that the testator's wife was vested with fee simple title by the will.

Judgment affirmed.