## South v. Continental Casualty Company.

(Decided May 17, 1916.)

### Appeal from Franklin Circuit Court.

1. Insurance—Action Against Foreign Insurance Company—Venue.— Under section 71 of the Civil Code of Practice, an action against a foreign insurance company may be brought in the county in which its principal office or place of business is situated; or, if it arise out of a transaction with an agent of such company, it

may be brought in the county in which such transaction took place. ·

2.  Insurance—Foreign Insurance Company—Service of Process Upon. —Where a foreign insurance company filed with the State Insurance Commissioner a resolution of its board of directors consenting that service of process upon any ·agent of such company. in this State, or upon the Commissioner of Insurance, should be a valid service upon the company, as required by section 631 of the Kentucky Statutes, and it has no principal office or place of business in this State, and the cause of action did not arise out of a transaction with the company's agent in any county in this State, a suit against the company is a transitory action within the provisions of section 78 of the Civil Code of Practice, and may be brought in the county of the insured's residence, and process may be served upon the Insurance Commissioner.

POLK SOUTH and L. M. MORRIS for appellant.

T. L. EDELEN and T. B. McGREGOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Granting appeal and reversing.

The appellant, South, is and was at the times herein-· after stated, a resident of Franklin county. While he was temporarily in Tampa, Florida, on September 21st, 1912, the defendant, an Indiana insurance company, is-ᴉ sued to South a policy which insured him against sickness in the sum of $90.00 per month.

On December 18th, 1913, appellant instituted this action against the defendant company, in the Franklin circuit court, for $360.00, being the amount claimed by him for four months sickness, from June 4th tò October 4th, 1913. The summons was served upon the State In-ᴠ surance Commissioner.

The first paragraph of the answer challenged the jurisdiction of the Franklin circuit court by alleging that the defendant was a foreign insurance company with its principal office in Chicago, Ills.; that it had no principal office or place of business in Franklin county, Ky.; and, that the contract sued on· arose out of a transaction with an agent of the defendant, but that said transaction did not take place in Franklin county. The other three paragraphs of the answer went to the merits of the case, and need not be now considered.

The plaintiff demurred to the first paragraph of the answer denying the jurisdiction of the circuit court; and, that court having overruled the demurrer and dis-

missed the petition, the plaintiff moves this court to grant him an appeal, the amount in controversy being as much as $200.00 and less than $500.00.

Section 631 of the Kentucky Statutes provides that before authority is granted to any foreign insurance company to do business in this State, it must file with the insurance commissioner a resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this State, or upon the Commissioner of Insurance of this State, in any action brought or pending in this State, shall be a valid service upon said company.

The appellee complied with this statutory provision.

It contends, however, that the venue of this action is controlled by section 71 of the Civil Code of Practice, which provides as follows:

"Excepting the actions mentioned in sections 62 and 66, both inclusive, and in sections 70 and 75, an action against an incorporated bank or insurance company may be brought in the county in which its principal office or place of business is situated; or, if it arises out of a transaction with an agent of such corporation, it may be brought in the county in which such transaction took place."

Section 78 of the Code, further provides:

"An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

As the exceptions mentioned in section 71 do not affect the case, it is insisted that since the appellee had no principal office or place of business in Franklin county, the action could have been brought only in the county in which the contract of insurance was made; and, as the contract was made in Florida, the suit could not be brought in Kentucky.

If this view of the question is to prevail, appellant cannot bring an action upon his policy in the State of Kentucky, notwithstanding the fact that appellee has complied with section 631 of the Kentucky Statutes, by consenting that service of process upon the insurance commissioner of this State shall be a valid service upon

the company, and constituted a condition upon which it was permitted to do business in Kentucky.

We are satisfied that such an anomolous result was never contemplated by the makers of the Code.

While the question of jurisdiction here raised was not relied upon in the pleadings, in Northwestern Mutual Life Ins. Co. v. Lowery, Admx., 14 Ky. L. R. 600, 20 S. W. 607, the court necessarily considered it in passing upon the question of limitation.

In that case, a Wisconsin company insured Mary B. Lowery, a resident of Alabama, and delivered the policy to her in that State, in 1868. The insured died in 1878, and in 1888 her administratrix sued upon the policy, in Kentucky.

In upholding the jurisdiction of the Kentucky circuit court, this court said:

"It seems to be conceded that there exists a statutory bar to maintaining this action in the State of Wisconsin; but it has been more than once held by this court that an action may be maintained in this State on policies of life insurance, by service of process on an agent here, although the principal office of the company may be in another State."

And, in Clarey v. Union Central Life Ins. Co., 143 Ky. 540, 33 L. R. A. (N. S.) 881, an action was sustained in this State upon a contract made in Wisconsin between an Ohio insurance company and a resident of Wisconsin.

But the precise question now before us was raised and passed upon in the late case of Barnes v. Union Central Life Ins. Co., 168 Ky. 253, decided since this action was tried in the circuit court.

In that case the Union Central Life Ins. Co., an Ohio company, issued a policy to Barnes, a resident of Virginia. Suit upon the policy was brought in the Franklin circuit court in this State, and the summons was served by delivering a copy thereof to the Insurance Commissioner of Kentucky. The defendant interposed a plea to the jurisdiction of the court, alleging that the Union Central Life Ins. Co. had no principal office or place of business in Franklin county, and that the cause of action did not arise out of a transaction with an agent of the company, in Franklin county.

The plea further alleged that the company's principal office or place of business was in Cincinnati, Ohio, and that the contract sued on was made in Virginia.

It was there insisted, as here, that section 71 of the Civil Code of Practice fixed the venue of an action against a foreign insurance company either in the county in which its principal office or place of business was situated, or in the county where the transaction arose, if such transaction was with an agent; and that, as the company had no chief office or place of business in Franklin county, and the transaction out of which appellant's action arose did not take place with an agent of the appellee in that county, the circuit court thereof had no jurisdiction of the appellee, or of the cause of action.

This view, however, did not prevail with the court. On the contrary, in upholding the jurisdiction of the Franklin circuit court, this court said:

"As by section 631, Kentucky Statutes, foreign insurance companies are required to file with the commissioner a 'resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this State, or upon the Commissioner of Insurance of this State, in any action brought or pending in this State, shall be a valid service upon said company,' and compliance by appellee with this requirement of the statute was a condition precedent to its right to do business in this State, its admission that it has no principal office or place of business in this State and that the transaction out of which the action arose did not take place with its agent in any county of the State, together with the service upon the commissioner, its designated agent, of summons on the petition, in our opinion, brings the case within the provisions of section 78, Civil Code. Therefore the circuit court should have taken jurisdiction of the case."

This decision is directly in point, and is conclusive of the question before us. The Franklin circuit court had jurisdiction of the action, and the demurrer to the first paragraph of the answer should have been sustained.

The appeal is granted, and the judgment is reversed for further proceedings consistent with this opinion.