## Wright, et al. v. Singleton.

(Decided December 17, 1920.)

Appeal from Trigg Circuit Court.

1. Wills—Life Estates—Intention of Testator.—It is well settled that where a life estate has expressly been created by a will, the estate devised will not be deemed enlarged by a subsequent provision of the instrument, unless the language thereof is so explicit in statement and meaning as to clearly show that such was the intention of the testator.

2. Wills—Limitation to Life Estate.—Where the devise is expressly limited to a mere life estate in the devisee named, the limitation to a life estate can not be affected by the failure of the will to devise the remainder, as in such event the estate upon the death of the life tenant will go, as in case of intestacy, to the heirs of the testator entitled to take under the statute.

3. Wills—Heir at Law—Right of—Intention of Testator.—The heir at law does not take by the act or intention of the testator. His right is independent of the will, and to deprive him of it the language of the will must plainly manifest an intention on the part of the testator that he shall not take.

4. Wills—Life Estates.—The language of a will declaring that the widow of the testator is given his entire real and personal estate: "to her and for her absolute use and benefit while she lives," and making no disposition of the estate to take effect after her death, vests in her a life estate in the property devised, which at her death will go to the testator's heirs at law.

JOHN G. MILLER and ALBERT MOORE for appellants.

SINGLETON D. HODGE for appellee.

Opinion of the Court by Judge Settle—Reversing.

Wm. H. Singleton, a resident of Trigg county, died in 1919, testate, survived by his wife, the appellee, Belle G. Singleton, but no children, the only child born to them, a son, having died March 11, 1910, unmarried ahd childless. The will of Wm. H. Singleton, which was executed December 10, 1910, was shortly after his death duly admitted to probate by the Trigg county court. Although the appellee, Belle G. Singleton, widow of the testator was appointed by the will the executrix thereof without requirement of bond or security, she did not qualify as such executrix until a controversy arose several months after the will was probated between her and the appellants W. R. Wright and others respecting her rights as a devisee thereunder. She did, however, immediately after the death of the testator take possession of the real and personal property left by him and sell some of the personalty, the proceeds of which she yet holds. She also later sold the real estate, consisting of 120 acres of land in Trigg county, to one Wm. Robinson for $9,000, and upon his paying her the consideration executed a deed conveying him the land; but as Robinson thereafter questioned her title to the land or right under the will to convey him a fee simple title to the same, by agreement between them the sale thereof was rescinded and the purchase money returned.

In the meantime the appellants, W. R. Wright and others, who were the cousins and only blood relatives of the testator, began to contend that appellee was given by his will only a life estate in the property therein devised, and that the remainder being undisposed of by the will, would at her death be inherited by them as his heirs at law. This situation and the appellee's desire to be advised of her rights as a devisee under the will led to the institution by her of the present action in the court below to obtain a construction of the will in question. The appellants were made defendants to the action, and being non-residents, were proceeded against by warning order and the appointment of an attorney to represent them. The petition alleged that the appellee took under the will of her husband the fee in the real and personal estate it devised; and while the relationship of appellants to the testator is admitted by the petition it is therein alleged that neither under the will nor by inheritance do or can they take any interest in the estate devised.

Appellants by answer controverted the construction of the will contended for by appellee, and alleged that the

will merely devised her an estate for life in the property, real and personal, left by the testator. The answer also alleges the precise blood relationship of each of the appellants to Wm. H. Singleton, the testator of the will, and their claim of heirship in and to the estate left by him and which, they insist, will at appellee's death go to them as his heirs at law under the statute of descent and distribution of this state. The circuit court sustained a general demurrer to the answer of appellants and adopted the construction of the will contended for by appellee, who was adjudged to be the taker of a fee simple title to the property, real and personal, it devised her, and it in addition awarded appellee a recovery against appellants of her costs expended in the action. From the judgment thus determining the rights of the parties, the latter have appealed. Whether the circuit court erred in its construction of the will is a question to be determined by the provisions of that instrument as a whole. The will is as follows:

"I, William H. Singleton, of the county of Trigg. state of Kentucky, and being of sound mind, memory and understanding do hereby make this my last will and testament, this the tenth day of December, nineteen hundred and ten, A. D.

"A.  Having no bodily heirs: I, William H. Singleton, do bequeath all my lands and tenements, and all my personal property, including all household furniture, money securities for money, and all other parts of my real, personal estate and effects, whatsoever and wheresoever unto my beloved wife, Belle G. Singleton, to her and for her absolute use and benefits while she lives subject only to the payment of my just debts, funeral and testamentary expenses, and the charges of proving and registering this my will.

"B.  I further state and demand that Joseph Faulkner's heirs, Wallen and Lelan Faulkner and their heirs be disinherited and disbarred from any part or interest of my estate at my wife's death.

"C.  I furthermore appoint my wife executrix of this my will, without bond or security to the judge of probate.

"In witness thereof I have set my hand and seal this the 10th day of December, 1910, A. D."

We know of no surer method of ascertaining the meaning of a will than that stated in the recent case of Simpson v. Simpson, Extrx., 189 Ky. 536.

"To arrive at the meaning of the will here presented for construction, we must endeavor to discover the intention of the testator from the instrument as a whole. If it is explicit and the meaning of its language is involved in no obscurity, rules of construction meant to elucidate, to which the courts are often compelled to resort, can not be employed. As said in Howard v. Cole, 124 Ky. 816, quoted with approval in the following excerpt from the opinion of the recent case of Fowler v. Mitchell, 170 Ky. 253: 'The real question in each case is not what did the testator mean or intend to say, but what is meant by what he said? Courts may frequently be of opinion that he did not intend to say what he did say, but they are not thereby authorized to give to' the will any construction other than that which is justified by a fair interpretation of the wording and the language of the will itself.' "

Applying this rule we find little difficulty in arriving at the meaning of the will under consideration. What it devises the widow is contained in clause "A," and included all the testator's property therein specifically mentioned "unto my beloved wife, Belle G. Singleton, for her absolute use and benefit *while she lives*." Manifestly the words "for her absolute use and benefit while she lives," has exactly the same meaning as the words, "for her absolute use and benefit during her natural life," that were held in Davidson's Adm'r v. Davidson's Adm'rx, 149 Ky. 571, to invest the widow with only a life estate in the property devised. Substantially the same words were also held in Howard v. Cole, 124 Ky. 816; Cecil v. Cecil, 161 Ky. 419, and numerous other cases to limit the devise to a life estate. Indeed, it will be found from an examination of the authorities that this language is more frequently employed than any other to create a life estate. It is true that in many of these cases there was a devise over of a remainder in the estate, but the limitation to a life estate clearly expressed can not be affected by the failure of the will to devise the remainder, as in such event the estate will, at the death of the life tenant, go as in case of intestacy to the heirs of the testator entitled to take under the statue.

This rule will control in the instant case. As the will makes no disposition of the testator's property other than the devise of a life estate therein to his widow, the property will at her death descend to the appellees as his heirs at law. It is clear that the will gives the widow no power

to dispose, by will or otherwise, of such part of the estate as may not be consumed by her, for it contains no provision to that effect, and the absence of such power is shown by clause "B," which declares that the nephews of the widow named therein shall have no part of the estate. It is well settled that where a life estate has been once expressly created in a will, no language thereafter used in the instrument, short of plain and explicit terms, will be deemed to have enlarged that estate. Cecil v. Cecil, 161 Ky. 419; Trustees, etc. v. Mize, 181 Ky. 567; Radford v. Fidelty, etc. Co., 185 Ky. 435. Another well known rule is here applicable, which is, "The heir at law never takes by the act or intention of the testator. His right is independent of the will and no intention on the part of the testator is necessary to its enjoyment. On the contrary such right can only be displaced or precluded by direct or plain intention evincing a desire on the part of the testator that he shall not take." Augustus v. Seabolt, 3 Met. 155; Bartlett v. Patton, 5 L. R. A. 523.

The mass of extraneous matter set out in the petition intended to show the circumstances supposed to indicate an intention on the part of the testator to devise the widow an absolute estate in his property, can have no place in construing this will, and it should have been stricken out as asked by appellees. Such matters can be considered only when the will is so ambiguous as to leave the intention of the testator in doubt; but when, as here appears, the intention of the testator is clearly expressed to limit the devise to the wife to an estate for life, they can have no effect.

For the reasons indicated the judgment is reversed and cause remanded for the entering of such judgment as will conform to the opinion.