## Harlow v. Riley's Ex'r et al.

## Harlow et al. v. Same.

March 22, 1940.

 Court.

W. H. Spragens, Judge.

Rodes K. Myers and H. W. Vincent for appellants.

C. E. Rankin, Joseph Polin and C. M. McChord for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Len Riley died on May 15, 1938, a resident of Washington County, leaving a will, the portions thereof material to this controversy being as follows:

"All of my property that I die possessed of both real and personal I give to my beloved wife, Ellen Riley, during her natural life and that she is to have all the income from both the real and personal property to do as she pleases with and if the income from same is not sufficient to provide a good and comfortable living then she is to have and use such an amount of the principal as may be necessary to provide a good and comfortable living. If it should become necessary in order that my wife Ellen Riley have a good and comfortable living then I give her *the right to mortgage* the farm located on the Mackville and Willisburg turnpike to secure such sum as may be necessary to make her comfortable.

"At the death of the said Ellen Riley or at my death if I should survive her (Ellen Riley) I desire all of my property sold and equally divided between Garnett Oldham, Katherine Riley, Bertie Johnson, Sam Oldham, Eunice Bottom and Virgil Harlow all my grandchildren and my nephew Floyd Nicolson.

"If any of my grandchildren or nephew should not have bodily heirs at the time of their death if

they should survive my wife Ellen Riley and myself then I desire their bequests to be equally divided between the surviving heirs as herein set out.

"I hereby constitute and appoint C. T. Gabbart the executor of this my last will and testament with full power and authority to do whatsoever is necessary to carry out the provisions of this my last will and testament. I request that he be required to make bond for same."

By a codicil to his will the deceased provided as follows:

"I Len Riley being of sound and disposing mind do hereby add this codicil to my last will and testament dated February 28th, 1933, I desire that my said wife Ellen Riley have the right to sell and convey all or any part of my real estate if she so desires after my death."

Len and Ellen Riley had three children, Omie Harlow, Florence Oldham and Claude Riley, all of whom died before Len Riley. Omie Harlow left one child, Virgil Harlow. Florence Oldham left three children, Garnett, Eunice Bottom and Sam. Claude Riley left two children, Katherine Riley and Bertie Johnson.

On October 4, 1938, Virgil Harlow filed an action in the Washington Circuit Court alleging that by virtue of the will of Len Riley his widow, Ellen Riley, became vested with the fee simple title to certain real estate owned by him at the time of his death and that upon her death it was inherited by her heirs at law, namely, one-third by him, one-third by the children of Florence Oldham and one-third by the children of Claude Riley. In this action a sale of the land described in the petition was sought, it being alleged that it could not be divided between the legal owners without materially impairing its value. The petition states:

"He is bringing this suit for the purpose of having the property herein described sold and to have the proceeds derived from said sale divided among the heirs at law accordingly as their interests are adjudged and to accomplish the settlement of Ellen Riley's estate."

A general demurrer was sustained to this petition and,

the plaintiff declining to plead further, his petition was dismissed.

On October 7, 1938, Len Riley's executor, together with the beneficiaries under his will, filed an action against Virgil Harlow seeking a settlement of Len Riley's estate and a construction of his will, it being alleged that Ellen Riley, his widow, took a life estate with remainder to the executor with power to sell and convey the real estate and distribute the proceeds.

In this latter action Virgil Harlow filed a special demurrer, based on the pendency of the first action filed by him, by which he sought to have the action abated. He also filed a general demurrer to the petition. The trial court overruled both the special and general demurrer. He then filed answer and cross petition claiming to be the owner of a one-third interest in the real estate and a demurrer was sustained to so much of this pleading as set up that he was the owner of one-third thereof. A judgment was entered adjudging that by the will of Len Riley his wife took only a life estate and that at her death the property passed to his executor with power to sell and convey same and distribute the proceeds to the devisees named in the will. Judgment was reserved as to the character of the estate the devisees took under the will.

In both actions Virgil Harlow has appealed from the judgment of the trial court and both appeals are covered by this opinion. On the appeal in the second case it is urged that the trial court erred in overruling the special demurrer filed by appellant on the ground that another action was pending. It is doubtful that the special demurrer was well taken by reason of the fact that the subject matter of the two actions was somewhat different. The first action merely sought a sale of the real estate on the ground of indivisibility—construction of the will was an incidental matter. The second action was for the settlement of the estate and a construction of the will. But, though error on the part of the trial court in overruling the special demurrer be conceded, we have concluded that it should be treated as a non-prejudicial error. Since we have determined that the trial court correctly sustained a demurrer to the petition and dismissed the first action, which necessitates

an affirmance of the judgment on the first appeal, a reversal of the judgment on the second appeal would result in a return of that case to the circuit court for the entry of the same judgment now appealed from, followed by another appeal presenting the same question now before us. We will therefore proceed to a discussion on the main question, that is, whether the testator's wife took a life estate or a fee simple under the will.

It is conceded by appellant that by virtue of the original will the testator's wife took a life estate only, with power to encroach on the corpus of the estate to provide for her support and maintenance. It is contended, however, that the codicil converted the life estate into a fee simple, the argument being that since the will, as modified by the codicil, bestowed on the wife unlimited power of disposition and right of disposal of the estate, a fee simple was necessarily created. The cases of Evans v. Leer, 232 Ky. 358, 23 S. W. (2d) 553, Patterson v. Dean, 241 Ky. 671, 44 S. W. (2d) 565 and Wintuska v. Peart et al., 237 Ky. 666, 36 S. W. (2d) 50, are relied on to support this contention, but they do not seem to us to do so. In the first of these cases where the wife was given the right to consume and dispose of the property as she saw fit, coupled with full power of sale and disposition except by will, it was held that she took only a life estate. Certain language from that opinion quoted in the brief to sustain appellant's contention was not the conclusion of the court but was a mere recitation of the substance of the appellant's argument. In the second of these cases it was merely held that when the original will creates a life estate and the codicil devises a fee simple in the same property the codicil is, of course, controlling. The holding in the third case, rather than sustaining appellant's position, appears to be contrary to it. In that case the devise in question was held to create only a life estate and the substance of the decision was that in order to vest unlimited power of disposition so as to create a fee the power must be unlimited, both to convey and devise. The codicil in question, relied on to convert the life estate created by the original will into a fee simple does not vest unlimited power of disposition in the testator's wife since it confers no power of disposition by will. It seems clear to us that by this codicil the testator did

not intend to enlarge the character of the estate created in his wife by the original will. The codicil did no more than create an additional power, that is, the power to sell and convey. By the original will the wife was empowered to mortgage the farm to provide for support and maintenance. The codicil merely enlarged the power to mortgage into a power of sale for the same purpose. The creation of a power is not the creation of an estate. Roby v. Arterburn, 269 Ky. 816, 108 S. W. (2d) 873. Where a life estate has been expressly created, as was done by the original will in question, no subsequent language short of plain or explicit terms will be deemed to have enlarged the estate. Wright v. Singleton, 190 Ky. 657, 228 S. W. 38.

The cases of Hicks et al. v. Connor, Adm'r et al., 210 Ky. 773, 276 S. W. 844, and Slayden v. Hardin et al., 257 Ky. 685, 79 S. W. (2d) 11, appear to be authority that the will in controversy, together with the codicil, created only a life estate in the testator's wife. In the former case the wife was given the right during her life to dispose of any part of the estate to provide for her comfortable maintenance and given full and complete right to sell and convey. It was held that she took a life estate. In the latter case the devise was to the wife "so long as she lives, giving her the right to sell, lease or dispose of my real estate in any way she chooses." It was held that the wife took only a life estate.

We reach the conclusion that the codicil in question did not convert the wife's estate into a fee simple. It conferred on her merely the general power of disposition for her comfortable support and maintenance. Her estate was not enlarged by the creation of the power to sell and convey. Had she sold and conveyed and consumed the proceeds for her comfortable support and maintenance she would have converted her estate into a fee to that extent and have thereby defeated the limitation over, but she did not do so. This being true the estate undisposed of by her during her life passed under the testator's will. As the chancellor reached this conclusion it follows that the judgment on the second appeal must be affirmed.

Since the property passed under the will of the

testator and not to the heirs at law of the testator's wife and since the executor of the estate was given full power and authority by the will to sell and convey the real estate and distribute the proceeds to the remaindermen named in the will, the appellant in the first case has no right of action for a sale and division of the proceeds. It was necessary in order to state a cause of action for this purpose to allege that demand had been made on the executor to sell the land and that he had refused to do so. This was not done.

Judgment affirmed on both appeals.