**CATALANI v. GRANERI et al.**

No. 4107.

Court of Civil Appeals of Texas. El Paso.
June 26, 1941.

Rehearing Denied Sept. 18, 1941.

McClanahan & Loughridge, of San Antonio (Norman S. Davis, of San Antonio, on the brief), for appellant.

Terrell, Davis, Hall & Clemens, Arley V. Knight, and Leroy Jeffers, all of San Antonio, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of one of the District Courts exercising jurisdiction in Bexar County in a suit by Emilia Catalani and others, for the construction of the will of Frank Graneri, deceased, and for partition and accounting. From the judgment entered Emilia Catalani has perfected this appeal.

The appellant will be hereinafter designated as such, and the adverse parties as appellees.

Frank Graneri died in Bexar County on or about December 18, 1926. His will was probated in Bexar County on December 18, 1939. No letters testamentary were ever applied for or issued in said estate. At the time of his death he was seized of a one-half community interest in the real property in this litigation. This property is situated at 901 Flores Street in the City of San Antonio, and the improvements

consist of a two-story brick building, a corrugated iron barn, and on the rear of the property are some fifteen or sixteen rent houses. These rent houses are rather crude, and have neither water nor lights in them.

The will of Frank Graneri is as follows:

"Last Will and Testament of
Frank Graneri
"The State of Texas,
"County of Bexar.
"Know All Men by These Presents:

"That I, Frank Graneri, of the State and County aforesaid, being of sound and disposing mind and memory, and knowing the uncertainty of life and the certainty of death, and being desirous of settling my worldly affairs, with which it has pleased God to bless me, while I now have the strength and capacity to do so, do make and establish this my last Will and Testament, hereby especially revoking all other Wills and Testamentary dispositions by me at any time heretofore made.

"First. I hereby nominate and appoint my sons, John Graneri and Tony Graneri, of the State and County aforesaid, Independent Executors of this my last Will and Testament, and I direct that no bond or other security shall be required of them, or of either of them, as such, and that no further action shall be had in the matter of my estate, except to probate this Will and return an inventory and appraisement of my property.

"Second. In the event of the death, failure, or refusal of either of the said John Graneri, or Tony Graneri, to qualify then the one so qualifying shall have all the powers conferred upon both, and in the event of the death of both of said John Graneri and Tony Graneri, or their failure or refusal to qualify or act, then and in that event I hereby appoint M. W. Terrell and Dick O. Terrell of San Antonio, Texas, as Executors and Trustees giving and granting to the one or ones so qualifying all the powers conferred upon and delegated to the said John and Tony Graneri.

"Third. In view of the facts my sons, John Graneri and Tony Graneri, are to receive a part of my estate, it is my will and desire and I hereby direct that they make no charge as Executors of my estate, but in the event of their death, their successor or successors shall receive the fees allowed by law.

"Fourth. I will and bequeath to my daughters, Constance S. Granato, Amelia G. Catalino and Saverio Graneri One Hundred Dollars ($100.00) each, which shall be paid to them in cash as soon after my death as same can conveniently be done.

"Fifth. In the event my wife, Barbara Graneri, shall survive me, then I bequeath to her for life all of the residue and balance of my property of every kind and character wheresoever situated, together with the income therefrom.

"Sixth. In the event my wife, Barbara Graneri, should not survive me, then after payment of the amounts to my three daughters as above stated, I will and bequeath all of my property, of every kind and character and wheresoever situated to my daughter, Teresa Graneri, and my sons, John and Tony Graneri, share and share alike, and in the event of the death of the said Theresa Graneri, John or Tony Graneri, then the share bequeathed to the one or ones so dying shall go to such ones surviving child or children, and in the event the said Theresa, John and Tony Graneri shall die leaving no surviving child or children, then the share of the one or ones so dying shall go to the survivor of the said Theresa, John and Tony Graneri.

"Seventh. My daughter, Rosa Graneri, is feeble minded, and it is my will and desire that Theresa, John and Tony Graneri shall support her and care for her as long as she lives, and in the event any of them shall fail to do so, then there shall be charged against such one so failing or refusing, Twenty Dollars ($20.00) per month which the others shall deduct from such ones income and use for the support and maintenance of my said daughter, Rosa Graneri.

"Eighth. It is my will and desire, and I hereby direct that my Executors herein named, and their successor or successors, shall have the full and absolute control and management of all of my property with full power and authority to sell and convey any part thereof at such prices and upon such terms as in their judgment may seem best.

"In Witness Whereof, I have hereunto set my hand this 18 day of April, A.D. 1921.

His
"Frank x Graneri"
Mark

This will was duly witnessed. The attestation clause is not here reproduced.

Surviving Frank Graneri were his wife, Barbara, and the following children: Constance S. Granato, Emilia G. Catalani, Saveria Graneri, Teresa Graneri, Rosa Graneri, daughters, and John and Tony Graneri, sons. His wife Barbara died testate on or about March 1, 1936, in Bexar County, and her will was duly probated. John Graneri, the independent executor named in the will, qualified as such on April 16, 1938. Emilia Catalani, the appealing plaintiff, was one of the daughters named in paragraph number four of the will of Frank Graneri. The other plaintiffs are relatives of Constance G. Granato, also a daughter named in paragraph four of the will. The defendants were John Graneri, Tony Graneri, Teresa Graneri, Saveria Scalise, and Rosa Graneri. John Graneri, in his capacity of independent executor of the estate of Barbara Graneri, deceased, was likewise a party. There is no question of parties in this case. All having any interest in the property, either as heirs or devisees of Frank Graneri and Barbara Graneri, are parties to this proceeding.

Basically the position of plaintiff in the trial below, as it is here, was that the will of Frank Graneri did not dispose of the estate in remainder after the expiration of the life estate conferred by the will on Barbara Graneri.

The pleadings of the respective parties are sufficient to raise all questions herein discussed.

The trial was before the court without a jury. Judgment was entered substantially as follows:

The will was construed as conferring a life estate in all the property on Barbara Graneri, deceased; to vest his estate in fee in John Graneri, Teresa Graneri and Tony Graneri, subject to a charge against the property for the support and maintenance of the defendant Rosa Graneri as long as she lived; to give to Emilia Catalani a legacy of $100 in cash; so as to Saveria Scalise (nee Graneri); so as to Constance Granato. The plaintiffs were denied all other relief sought.

If the trial court was correct in the construction that under the will John, Tony and Teresa took the fee in the property subject to the life estate in Barbara, then all other questions pass out of the case.

Before attempting a construction of the will, it may be helpful to briefly consider the surrounding facts and circumstances of the parties, their relationships, and the status of the property involved as reflected by the undisputed facts.

The property involved was at all relevant times herein the community homestead, the parties named as beneficiaries in the will were, respectively, the wife of the testator and his sons and daughters. Constance Granato and Emilia Catalani were evidently married at the time the will was executed or had been married. Saveria Graneri was unmarried, but at sometime subsequent married Scalise. These three daughters are each by the will given a legacy of $100. John Graneri was unmarried at the date of the execution of the will, and has so remained ever since; so as to Teresa Graneri; Rosa Graneri was unmarried and has never married. Rosa was of unsound mind, and has at all times required constant care and attention. At the time of the making of the will in 1921 Frank Graneri was about seventy-one years of age. His wife Barbara was of mature years. The family was an Italian family, evidently having immigrated to the United States sometime about 1891. For years the home of the family has been in Bexar County in or near San Antonio. The improvements on the property on Flores Street in question here were erected some thirty or forty years ago by Frank Graneri, his sons assisting in the construction of the improvements. The relationships within the family seem at all times prior to this litigation to have been affectionate and harmonious.

■ The basic problem of this litigation from its inception was and is to determine the intention expressed in the will of Frank Graneri. This intention determined, it should be declared and enforced. Kostroun v. Plsek, Tex.Com.App., 15 S.W.2d 220.

As an aid in determining the intention expressed by the testator in a will, many rules have been laid down as a means of determining such intention. Appellant and appellees are in substantial accord as to these rules.

As fundamental and well established the appellees assert the following:

"(a) A will is more liberally construed than a contract or a deed, and it requires less capacity to make a will than to execute a deed or contract;

"(b) The mere fact that the deceased has executed a will creates a presumption

against partial or total intestacy, and reveals an intent to die testate;

"(c) The courts will, wherever reasonably possible, so contrue a will as to avoid total or partial intestacy, seeking to uphold a will, rather than search for reasons to destroy it;

"(d) In construing a will the courts will look to each and every provision of the will and to the whole document as an entirety to arrive at the intent of the testator and the proper construction of any part of the will;

"(e) The real intention of the testator is sought and if a particular portion of the will considered alone indicates a contrary intent, it will yield to the intent of the whole instrument;

"(f) Having ascertained the general intention of and scheme manifested by the testator, the courts will so construe the will as to carry it into effect even by implication if there can be no other reasonable interpretation, and if implication be required;

"(g) Where the wording of the will expresses a general intent and it be inaccurately, obscurely or defectively stated, the courts will consider evidence of the facts and circumstances surrounding the testator at the time the will was made in order to amplify or explain the language of the will;

"(h) Having ascertained the testator's general intent, it is not required that the testator shall have used express devising words to make it effective. Form will be subordinated to substance. Words may be added or transposed or deleted. Language will not be technically construed. Superfluous words will be rejected or restricted in their application and, if required, will be construed in a sense different from that ordinarily attributed to them."

In a general sort of a sense the propositions announced are, we think, well sustained by authority.

Appellant asserts, in substance, in order for a will to deprive an heir of title to the property of his ancestor, the will must vest the title in another.

■ This proposition, likewise, we think, well sustained by authority. Philleo v. Holliday, 24 Tex. 38; Heidenheimer v. Bauman, 84 Tex. 174, 19 S.W. 382, 31 Am.St.Rep. 29; Simpson v. United Production Corp., Tex.Civ.App., 128 S.W.2d 99; Winston v. Griffith, Tex.Civ.App., 108 S.W.2d 745, affirmed, 133 Tex. 348, 128 S. W.2d 25; Wright v. Singleton, 190 Ky. 657, 228 S.W. 38, 39.

■ When a construction of a will is not founded on the language thereof, the result is achieved by improvisation rather than legitimate construction. This proposition we think fairly deducible from the authorities referred to above and other authorities cited by appellant.

Let us briefly consider this will as a whole. If Barbara Graneri had predeceased Frank Graneri, there would have been little question as to the construction thereof. Appellant and her co-plaintiffs would have received the sum of $100. The intention would be unmistakable that this was all that the testator intended they should receive. John, Tony and Teresa Graneri would have taken the fee to the property, charged with the care and maintenance of Rosa.

The consequences of the construction insisted upon by appellant under the situation existing at the death of the testator are as follows:

■ Under the will the three sisters named in paragraph four were entitled to $100; Barbara Graneri to a life estate; John, Tony and Teresa instead of receiving the fee to the property would receive nothing. They would be further charged with the duty of supporting Rosa. This, regardless of whether such provision was valid. We understand appellant's contention to be that no interest in the property passed other than the legacies, but the interest asserted by them is under the law of descent and distribution. So as to interests of the other heirs of Frank Graneri. It is not contended, we think, that after the expiration of Barbara's life estate and the satisfaction of the legacies, the will provides that the balance should be divided among the heirs in accordance with the laws of descent and distribution. This might be the effect of the construction contended for by the appellant. But we think it could not be said that the title passed by the will. Further, it would result in partial intestacy, against which there is a strong presumption. Boone v. Stone, Tex.Civ. App., 142 S.W.2d 936.

There seem to be no good and valid reasons for the great disparity in the gifts to John, Tony and Teresa in case founded on the respective situations. Mrs. Graneri was

relatively an elderly woman at the time the will was written in 1921. The idea that at most, in case Mrs. Graneri survived him, John, Tony and Teresa should receive only one-fourteenth interest in the property involved, does not seem to harmonize with the obligation to support and care for Rosa; does not harmonize with the provision made in case testator survived his wife. In the one case they would have been given the means reasonably adequate to carry out the duty created; in the other, the property received from him, whether by will or by descent and distribution, would be inadequate. In one case John, Tony and Teresa would have been preferred; in the other, the daughters named in paragraph four would have been preferred.

■■ If the intention of the testator is manifested unmistakably in the writing, the question of the reasonableness may not be considered. The purpose of construction is to determine the manifested intention of the will. 44 Tex.Jur. p. 677, Sec. 131; Thornton v. Zea, 22 Tex.Civ.App. 509, 55 S.W. 798; Lacy v. State Banking Board, 118 Tex. 91, 11 S.W.2d 496.

■ On the other hand, where it does not clearly so appear, the consequences of a construction, one way or the other, may be taken into consideration in seeking to determine the intent of the testator. All the provisions of the will must be considered. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; McMullen v. Sims, Tex. Com.App., 37 S.W.2d 141; Ellet v. McCord, Tex.Civ.App., 41 S.W.2d 110, writ refused; Patten v. Herring, 9 Tex.Civ.App. 640, 29 S.W. 388.

■ We think inherent in the provisions of the will is evidence of the intention that the testator at least believed he was disposing of all his worldly property. The introductory part of the will recites that his purpose in making the will was the settling of his worldly affairs. In the first paragraph the executors are required to return an inventory and appraisement of "my" property; in the second, in the event of death, failure or refusal of either of the executors named to act, he provides for substitute executors; in the third paragraph John and Tony Graneri, as executors, are to receive no fees as such. This in view of the fact that they were to receive *part of his estate*. The fourth paragraph was intended, we think, to limit and define the interest he desired the three daughters named therein should have in his estate. The seventh paragraph is a provision for Rosa Graneri. It is his will that Teresa, John and Tony shall support and care for her as long as she lives. Sanction for this duty is to be found in the fact that $20 per· month is to be taken from the income of any one failing to care for and support Rosa. There is considerable significance in the provision that the $20 is to be taken from such one's income. The testator conceived that they would have an income—an income to be derived from the property coming to them under the will. Further, we think it a reasonable deduction that, the duty of caring for Rosa being discharged, it was the idea of the testator that such income should belong personally to them. That is what we think the testator did say in this provision of his will, and not by construction and determination of what he intended to say. Trusty v. Trusty, Ky., 59 S.W. 1094.

In the case of Wright v. Singleton, supra, there is absolutely wanting in the will any evidence of an intention as to the disposition of the remainder after the expiration of the life estate. There was a manifestation in a clause of the will who should not receive the estate, but lacking any manifestation of who was to receive same. What we have heretofore said as to the provisions of the instant will demonstrates the distinction.

In our opinion this will was properly construed by the learned trial judge.

■ There are assignments relating to the admission of testimony, but there was ample evidence aside from that which is complained of to ·sustain the judgment rendered. Trial was before the court. We do not mean to hold the testimony admissible. It is held that, even though the ruling was erroneous, reversible error is not shown.

The case is affirmed.