## Wilson et al. v. Gilliam et al.

Feb. 22, 1944.

Jones, Keith & Jones for appellants.

Richard Priest Dietzman for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The chancellor construed the following will of Cora D. Wilson as giving the first taker, the mother of the testatrix, a life estate in·her house and lot, with a valid remainder over:

## II

"* * * (1) I give and devise my house and lot, known as No. 224 East Gray Street, Louisville, Kentucky, to my mother, Fannie L. Wilson. She is to have full right and power to sell or to encumber said property should she so desire, but in the event she still owns it at the time of her death, then said property shall go as hereinafter provided.

"(2) At the death of my said mother, she not having theretofore sold and conveyed said house and lot, I give and devise the same to the Louisville Trust Company, of Louisville, Kentucky, to be held by it in trust for the use and benefit of my brother, Frank E. Wilson, and my nephew, Clyde H. Wilson, son of my deceased brother, Clyde E. Wilson, during the natural life of said Frank E. Wilson. Said trustee shall have full and exclusive power to lease, manage and care for said property, keep the same in repair and insured and the taxes thereon paid, collect the rents and pay the net amount thereof in monthly installments to my said brother and nephew in the proportions of Two-thirds (2/3) and One-Third (1/3) respectively.

"(3) Upon the death of my said brother, said house and lot are to be held by said trustee in trust for the equal use and benefit of my said nephew, Clyde H. Wilson, and my nephew, Clyde W. Wilson, son of my said brother, Frank E. Wilson, during their natural lives. Should either of said nephews be dead at the death of my brother, Frank E., or die thereafter leaving the other surviving, then, and in either of such events, said property shall be held for the benefit of the survivor and the then heirs at law of the deceased nephew, said heirs to have the share of the income which otherwise would have been payable to their ancestor.

"(4) Upon the death of both of said nephews said

trust shall cease, and I then give and devise said house and lot to the then heirs at law of said nephews in fee simple, said heirs to take per stirpes.

### III

"All the rest and residue of my property of whatever kind and wherever situated, I give, devise and bequeath to my mother, said Fannie L. Wilson, to be hers absolutely. * * *."

The appellants challenge the correctness of this ruling.

We have pointed out frequently that it is our policy to look at a will as a whole, or from its four corners, in order to ascertain the intention of the maker. We have continued to follow, however, certain fixed rules of construction, one of them being that, where there is a gift of an absolute estate, or fee, a gift over is void. It is rare for two wills to be worded alike, and most of them are written by laymen, so the difficulty confronting courts in the construction of them is at once apparent.

The question immediately before us is, whether Cora Wilson gave her mother an absolute estate in the house and lot, or only a life interest therein. If the mother was given unlimited power of disposition, the former estate was created. If she was not, then the chancellor correctly adjudged her interest to be only a life estate. See Wintuska v. Peart, 237 Ky. 666, 36 S. W. (2d) 50; Harlow v. Riley's Ex'r, 282 Ky. 437, 138 S. W. (2d) 946; Walker v. Butler, 284 Ky. 179, 144 S. W. (2d) 210; Scott v. Smith, 286 Ky. 697, 151 S. W. (2d) 770. The soundness of the conclusion reached in the Walker case, supra (284 Ky. 179, 144 S. W. (2d) 211), has been questioned, and probably with justification, but the applicable law is properly stated therein. In that case we held that the following language vested a fee in the wife:

"I will and bequeath to my wife, Mattie Allen, all of the remainder of my property of whatever kind, both personal and real, and herein direct that she shall have full and complete charge and control of same, to the extent of selling and transferring any or all real estate, and shall use any or all of said property or the proceeds from same that she shall desire, and any remaining at her death shall be equally divided between my sister, Sarah Walker, and the living children of my deceased

sister, Margaret Butler (one half to Sarah Walker and one half to living children of Margaret Butler)."

In the case at bar Cora Wilson gave her mother her house and lot with full right and power to sell or encumber the property, and in the same paragraph and sentence she said, "* * * but in the event she still owns it at the time of her death, then said property shall go as hereinafter provided." We think she meant for her mother to have and use the property for her life, and in the event it became necessary for her to raise money for her support she was given power to encumber it. The power of disposition was limited to an inter vivos transaction. It is clear to us, both from the first and second paragraphs of Clause II of the will, that the testatrix never intended to give her mother full power to manage, control and dispose of the house and lot. That power would have authorized the mother to dispose of the property by will. Such an intent can not be gathered from the will before us. This view is strengthened by reference to Clause III of the will wherein the testatrix gave all of her property other than her house and lot to her mother to be hers absolutely. It appears to us to be clear, viewing the will as a whole, that the testatrix never intended to give her mother the house and lot with unlimited power of disposition.

Judgment affirmed.

Whole Court sitting.