**W. T. CHILTON et al., Appellants,**

v.

**Abe MEEKS et al., Appellees.**

Court of Appeals of Kentucky.

March 16, 1956.

Thomas & Thomas, New Castle, for appellants.

Berry & Floyd, Turner & Jones, L. T. Peniston, New Castle, for appellees.

HOGG, Judge.

I. M. Chilton died testate in 1913, leaving his wife, Mary A. Chilton, surviving him. His will was as follows:

"Know all men by these presents that I, I. M. Chilton, of the County of Henry, State of Kentucky, being of sound mind and memory, and in good health, do hereby make this as my last will and testament, that is to say I, desire full payment of all my just debts, then after said payment I, hereby bequeath all my remaining property, both real and personal, to my beloved wife Mary A. Chilton, to have and to hold, or dispose of as she may, choose, and at the death of said Mary A. Chilton, should there be any remaining property I, desire same to revert to my legal heirs."

Mary A. Chilton later married Abe Meeks. At her death in 1954 she left a will

by which she devised a one-third interest in a 112-acre tract of land and a one-half interest in a 60-acre tract of land, both of which she received from her husband, I. M. Chilton, hereinafter referred to as the testator. The testator's heirs brought this action against the beneficiaries of Mary A. Chilton's will to have his will construed, contending that the property which Mary A. Chilton had devised in her will rightly belonged to them under the testator's will. The plaintiffs took the position that Mary A. Chilton was given a life estate in the land, with a power to dispose of it as she chose, and they were given a remainder in the property left undisposed of; no question was raised as to her right to dispose of the property during her lifetime. The court construed the testator's will so as to give Mary A. Chilton a fee simple interest in the land, with the attempted devise of the remainder void, and declared that the property belonged to the devisees under her will. The heirs of the testator appeal.

■ The question before us is whether the testator gave his wife a fee simple interest in the land in question, or only a life interest therein. If she was given an unlimited power of disposition, the court below correctly adjudged her interest to be a fee simple absolute. Scott v. Smith, 286 Ky. 697, 151 S.W.2d 770; Wilson v. Gilliam, 296 Ky. 708, 178 S.W.2d 425; Collings v. Collings' Ex'rs, Ky., 260 S.W.2d 935.

Prior to the case of Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, decided April 23, 1948, it was the settled rule in this state that where property is devised to one absolutely with unlimited power of disposition, and by a subsequent provision of the will the testator undertakes to devise whatever may be left at the first taker's death, the limitation over is void and the first taker acquires a fee. See case just cited and Walker v. Butler, 284 Ky. 179, 144 S.W. 2d 210; Gwinn v. Gwinn's Adm'r, 287 Ky. 795, 155 S.W.2d 227.

In the Gwinn case, the will was composed of one sentence, as in the instant case, and it provided: " 'I hereby bequest— my belongings and property, both personal and real estate to my wife to use as she sees fit, and at her death all that is left to go to Gwinn heirs.' " We held that the language of the devise to the wife was sufficient to vest a fee simple.

In the Hanks case [307 Ky. 243, 210 S.W. 2d 787], first above cited, we condemned the arbitrary nature of this " 'void gift over rule' ", and decided that henceforth wills should be looked at as a whole and that the true intention of the testator should be given effect. It was expressly decided that the more liberalized rule of construction established in the Hanks case should be given only a prospective effect and should not apply to or affect vested rights under the former rule.

Stewart v. Morris, 313 Ky. 424, 231 'S.W. 2d 70, was decided subsequent to the Hanks case and therein it was necessary to construe a will similar to the one before us. Since the testator in that case had died prior to the date of the Hanks decision, we held that the former arbitrary " 'void gift over rule' " applied, and that the first taker took absolute title in fee to the property devised.

■■ Since the testator in the present case died in 1913, under the Hanks and Stewart decisions we must apply the former rule effective prior to 1948. In the will under consideration the testator provided that all his property was to go "to my beloved wife, Mary A. Chilton, to have and to hold, or dispose of as she may choose." This language is broad and without any restriction, giving the first taker an unlimited power of disposition, possibly more so than that in the will in the Stewart case and in the Gwinn case, where the first taker was also held to take a fee simple. See also Gilligan v. Louisville & N. R. Co., 195 Ky. 1, 240 S.W. 739; Poth's Adm'r v. Muse, 244 Ky. 433, 50 S.W.2d 967; Scott v. Smith, 286 Ky. 697, 151 S.W.2d 770; Brammer v. Wallace, 6 Cir., 198 F.2d 742. An absolute title in fee simple carries with it the power to make any use and disposition of the property, whether it be by inter vivos or testamentary gift. Mary A. Chilton could

rightly dispose of the property in her will and the devisees thereunder are the rightful owners of the property in question.

Judgment affirmed.

CAMMACK, J., dissents from the majority opinion for the reasons expressed by him in his dissent in the case of Stewart v. Morris, 313 Ky. 424, 231 S.W.2d 70.