**Vicki Gail Parard DeCOURLEY et al., Appellants,**

**v.**

**Josie Marie TUCKER et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 16, 1964.

Robert P. Woods, Gray, Woods & Cooper, Lowell T. Hughes, Ashland, for appellants.

J. G. M. Robinson, Caldwell & Robinson, Nickell, Fanning & Rose, Ashland, for appellees.

WADDILL, Commissioner.

The question presented by this appeal is whether the trial court correctly construed the will of Lydia Parard (1) as devising no remainder interest in certain real estate to

the appellants and (2) as authorizing the appellees to sell this property.

The provisions of testatrix's will which give rise to this controversy read:

"I also give to my said daughters one-fourth each of my real property, wheresoever situate which I may own or have the right to dispose of at my death, and to my grandsons, Gene W. Parard and Toussaint W. Parard the remaining one-fourth to be held in trust by my said three daughters for the use and benefit of my grandsons, Gene W. Parard and Toussaint W. Parard, such part to be under the full charge, control and management of my said trustees, * * *. I give my said trustees full power to sell and dispose of said property, * * *. If any of my heirs should die possessed of any of the real estate herein devised, the same shall revert to the heirs of my blood then living to be divided among them equally, share and share alike."

Testatrix died on January 3, 1940, and the real property devised by her has not been disposed of by the beneficiaries of her will. A daughter, Catherine Watson, died intestate in 1960 leaving as her only heirs, appellees William and Whitfield Watson. A grandson, Toussaint Parard, died testate in 1961 survived by his widow and sole devisee, appellee Helen Parard, and two daughters, appellants Vicki DeCourley and Cheri Parard. These appellants contend that, by virtue of the last quoted sentence of the will, they are now the owners of an interest in the real property devised to Catherine Watson and Toussaint Parard.

Prior to our decision of April 23, 1948, in Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, 17 A.L.R.2d 1, it was the rule in this state that where property is devised to one absolutely with unlimited power of disposition and by a subsequent provision of the will the testator undertakes to devise whatever may be left at the first taker's death, the limitation over is void and the first taker acquires a fee simple title, Walker v. Butler, 284 Ky. 179, 144 S.W.2d 210; Gwinn v. Gwinn's Adm'r., 287 Ky. 795, 155 S.W.2d 227. The Hanks case abolished this rule; however, as to any testator who died before April 23, 1948, that case is inapplicable. Stewart v. Morris, 313 Ky. 424, 231 S.W.2d 70. Chilton v. Meeks, Ky., 288 S.W.2d 350.

Since testatrix died in 1940 the trial court correctly held that under the terms of her will the fee simple title had vested at that time and the appellants DeCourley and Parard have no remainder interest.

The appellant, Watson Realty Company, contends that the trial court erred in determining that the trustees could sell the beneficiaries' interest in this property. This appellant asserts that certain provisions of the will indicate a contrary intent. We agree with the trial court that the provisions of the will specifically authorize the trustees to sell this property for the beneficiaries.

The judgment is affirmed.