Frances Wickliffe JOHNSON et al., Appellants,

v.

CITIZENS FIDELITY BANK & TRUST CO., Committee for Laura L. Reynolds, now deceased et al., Appellees.

Court of Appeals of Kentucky.

March 10, 1967.

As Modified May 12, 1967.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellant Frances Wickliffe Johnson.

Joseph H. McKinley, McKinley & Howard, Owensboro, for appellant Mary Lee Nicholas.

Frank Gofton Ware, Vest & Ware, Covington, for appellants Margaret Lester Motch and Wickliffe Jones.

William J. Baird, Baird & Hays, Pikeville, for appellants Jeanette Elder and Dorothy Ann Neeley.

C. Terry Earle, Greenville, for appellee Citizens Fidelity Bank & Trust Co., Committee for Laura L. Reynolds, deceased.

W. D. Bratcher, Greenville, for appellees Citizens Fidelity Bank & Trust Co., administrator for estate of Laura L. Reynolds, and others.

Sam T. Jarvis, Jarvis, Cornette & Payton, Greenville, for appellees John T. Reynolds III and others.

WILLIAMS, Chief Justice.

This declaratory judgment action was filed by Citizens Fidelity Bank & Trust Company, Committee for Laura L. Reynolds, deceased, seeking a construction of the last will and testament of John T. Reynolds. From a judgment of the Muhlenberg Circuit Court construing the will this appeal is taken.

There is no dispute between the parties concerning the facts. John T. Reynolds died testate without issue October 4, 1933. His will was duly probated on October 30, 1933. His wife Laura was of unsound mind and a committee was appointed. Subsequently Citizens Fidelity Bank & Trust Company succeeded to the position of committee and was so acting upon the death of Laura on July 27, 1965.

Laura executed a will on October 10, 1931, in which she left everything she possessed to her husband. That will was probated but the bequest lapsed, since her husband predeceased her without issue. Potter-Matlock Trust Co. v. Myers, Ky., 239 S.W.2d 949 (1951). Her estate consists entirely of the funds held by the bank as committee.

When John T. Reynolds died he was survived not only by his widow but also by a bachelor brother, W. H. Reynolds (who died in 1947), a sister, Mollie Wickliffe (who died in 1953), and ten nieces and nephews, some of whom are still living and are appellees herein. Another group of appellees represents the heirs-at-law of Laura. Appellants are children of nieces and nephews who died after John but before Laura.

John T. Reynolds' will provides as follows:

## "WILL OF JNO. T. REYNOLDS

"I, Jno. T. Reynolds, of Greenville, Muhlenberg County, Kentucky, being of sound mind and disposing memory do make, publish and declare this to be my Last Will and Testament, hereby declaring null and void any and all Wills by me at any time heretofore made.

"1st. I direct that all my just debts and funeral expenses be first paid.

"2nd. I will and bequeath to my beloved wife, Laura L. Reynolds, all the property, real, personal and mixed, which I may own, or to which I may be entitled at my death, wheresoever situated, to be hers absolutely and in fee simple, subject however to the provisions of Section 3 hereof.

"3rd. If my said wife shall die seized and possessed of any property devised to her by this Will or which has been purchased with the proceeds of any property devised to her herein, then I direct that she shall by Will devise one third thereof to such relatives of hers as she may select and the other two thirds thereof, one fourth to my Brother, W. H. Reynolds if living, and the remainder to such Nieces and Nephews of mine as may then be living, share and share alike, but the provisions of this section shall in no wise abridge or circumscribe the right to sell, dispose of, handle and use and enjoy as she may see fit, any

property devised to her herein and shall only become effective in the event she shall die the owner of any property herein devised to her or purchased with the proceeds of any property herein devised.

"4th. I hereby create, nominate and appoint my said Wife, Laura L. Reynolds, to be Executrix of this my Last Will and Testament, and direct that no bond be required of her as such. I further direct that no inventory of my estate be made or taken in so far as the same may be lawfully omitted.

"In Witness Whereof, I have hereunto set my hand at Greenville, Kentucky, this 15th day of January, 1931."

Several questions are raised on this appeal but it will be unnecessary to consider each of them in view of our conclusion as to the proper effect of the will. The circuit court ruled that one-third of John T. Reynolds' estate remaining at Laura's death was to be equally divided among Laura's heirs-at-law, and two-thirds was to be paid to the living nieces and nephews equally. Any proceeds which had been realized from John T. Reynolds' property went to Laura's heirs. Administration costs and reasonable attorney fees were allowed.

It will be noted the second clause of John T. Reynolds' will gives Laura a fee simple absolute subject only to the provisions of the third clause. Clause 3 gives Laura an unlimited power of disposal and directs the distribution by her exercise of power of appointment in her will of any remaining property or property purchased with proceeds of any devised property from John's estate. Laura, obviously, did not write a will exercising her power of appointment.

In theory the circuit court has construed John Reynolds' will as giving Laura a life estate with unlimited power of disposal in accordance with Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, 17

A.L.R.2d 1 (1948). That case reiterated the "Polar Star" rule to be applied in the construction of written documents, especially deeds and wills. The opinion discusses how prior cases had deviated from the "Polar Star" rule and applied what is called the "Biting" rule.

"* * * Notwithstanding that super governing rule this court, and perhaps a few others, have maimed it and have taken a large bite out of it by adjudging that when the first taker of conveyed property under the writing submitted for construction, is initially conveyed a fee title it is then incompetent and invalid for the maker to thereafter modify, qualify or reduce the apparent fee title of the first taker so as to reduce it to a life estate and that any gift over of any remnant after the death of the first taker is null and void. The only reason given for that departure from the Polar Star rule is that it is against public policy for the maker of the conveyance to cut down, or otherwise modify, or qualify the first taker's title from an apparent fee to a lesser estate. That rule which we conclude is an arbitrarily established one, as will hereinafter be pointed out, will be referred to as the 'Biting' rule."

After pointing out why the "Biting" rule should no longer be adhered to, the court said:

"We have concluded that all of our former opinions recognizing and applying the 'Biting' rule should be and they are now expressly overruled, but that this opinion shall have only a prospective effect and not apply to or affect any vested rights acquired under that rule while it was in force and effect, all of which rights are expressly preserved and upheld."

Since *Hanks,* this court has held that when a testator died before April 23, 1948 (the date of the Hanks opinion), rights which had vested under the "Biting" rule

would be preserved. DeCourley v. Tucker, Ky., 383 S.W.2d 337 (1964); Chilton v. Meeks, Ky., 288 S.W.2d 350 (1956); Stewart v. Morris, 313 Ky. 424, 231 S.W.2d 70 (1950). The rule was that, where property is devised to one absolutely with unlimited power of disposition, and by a subsequent provision of the will the testator undertakes to devise whatever may be left at the first taker's death, the limitation over is void and the first taker acquires a fee simple title. DeCourley v. Tucker, supra. Due to the fact that John T. Reynolds died in 1933, which was prior to the opinion in the Hanks case, his will should have been interpreted under the "Biting" rule. Under such interpretation Laura's heirs would have been entitled to the entire estate. However, inasmuch as Laura's heirs prayed in the alternative for the relief granted in circuit court, and failed to perfect an appeal or cross-appeal on that judgment, it must stand.

The judgment is affirmed.

All concur.